18591

John DEAN, Appellant, v. AMERICAN FIRE & CASUALTY COMPANY, Respondent

(152 S. E. (2d) 247)

*Messrs. Pyle & Pyle,* of Greenville, *for Appellant,*

40

*Messrs. Leatherwood, Walker, Todd & Mann,* of Greenville, *for respondent,*

January 4, 1967.

Moss, Chief Justice.

It is stipulated that on November 5, 1965, John Dean, the appellant herein, was working on his automobile and while attempting to remove a jack from under the said automobile, the jack collapsed causing the said automobile to fall; the index finger of the appellant's right hand was caught between the automobile and the jack, crushing it to such an extent that it was necessary to amputate.

It is further agreed that on June 1, 1965, American Fire & Casualty Company, the respondent herein, issued to the appellant a policy of insurance providing for payment of medical expenses for injuries resulting "through being struck by an automobile". This policy was in full force and effect at the time of appellant's injury.

This action was instituted by the appellant seeking to recover medical expenses incurred as a result of said injury in the amount of $500.00. It is the contention of the appellant that he was struck by an automobile within the meaning of the provisions of the respondent's policy. The respondent admitted the facts hereinabove set forth but contends that the appellant's claim is not one covered under the terms of the policy.

This case came on for trial before The Honorable James H. Price, Jr., Judge of the Greenville County Court, upon the stipulated facts, and such was submitted to the court for

its determination. By an order dated August 31, 1966, the trial judge found for the respondent and this appeal followed.

The trial judge held that the policy providing for medical coverage "through being struck by an automobile" was unambiguous. We think this ruling was correct. However, he held that by such provision the policy covered the appellant while he was a pedestrian "and while being struck by an automobile in movement and propulsion." Upon this basis he concluded that the provision of the policy did not cover the injury which resulted to the appellant. We think the only question necessary to be decided is whether the trial judge erred in so holding.

In considering the question here involved, we do so in the light of the well settled rule that if the intention of the parties is clear the courts have no authority to change the contract in any particular and have no power to interpolate into the agreement between the insurer and the insured a condition or stipulation not contemplated by the contract between the parties. When the language of an insurance contract is free from ambiguity, the words used must be taken and understood in their plain, ordinary and popular sense, and such construction is for the court. *Kingman v. Nationwide Mutual Ins. Co.*, 243 S. C. 405, 134 S. E. (2d) 217.

The respondent contends that the intent of the contract between the parties was that coverage was afforded the insured "through being struck by an automobile" in forward or backward movement while being propelled under its own motive power. In order to reach this conclusion we would have to interpolate into the agreement between the parties a condition or stipulation not contained in the language used by the contracting parties.

The provision of the policy here contains no limitation or condition as to how or in what manner an insured must be "struck by an automobile" in order for coverage to be effective. The word "struck" is the past tense of the word "strike" which in its plain, ordinary and

popular sense means "to hit with some force"; "to come in collision with"; "to give a blow to"; "to come into contact forcibly". *Salmons v. Dun & Bradstreet*, 349 Mo. 498, 162 S. W. (2d) 245, 141 A. L. R. 674; 83 C. J. S., Strike page 523. Here, the falling automobile was the causative force bringing about the appellant's injury. To hold that the appellant was not struck by an automobile would require us to deviate from the plain, ordinary and popular meaning of the words used in the insurance contract. Under the stipulated facts in this record we are of the opinion that the appellant was struck by an automobile within the meaning of the provision contained in the insurance contract. We think the trial judge was in error in not so holding.

The judgment of the lower court is reversed and this case remanded thereto for entry of judgment in favor of the appellant.

Reversed and remanded.

LEWIS, BUSSEY and BRAILSFORD, JJ., and LIONEL K. LEGGE, Acting J., concur.