# Richmond

ERNEST H. MOLLENAUER v. NATIONWIDE MUTUAL INSURANCE COMPANY.

August 30, 1973.

Record No. 8139.

Present, All the Justices.

*Thomas W. Moss, Jr.* (*Moss & Moss*, on brief), for plaintiff in error.

*Joseph A. Leafe* (*Rixey & Rixey*, on brief), for defendant in error.

Per Curiam.

The question in this case is whether an insurance policy issued by Nationwide Mutual Insurance Company, insuring against loss of money or securities, covered the loss by theft of $800 from the residence of the insured, Ernest H. Mollenauer. In an action brought by Mollenauer, Nationwide defended on the ground that the policy "covered business losses only and the loss of money claimed by [Mollenauer] was personal rather than business funds." The trial court agreed with Nationwide and entered final judgment in its favor. Mollenauer appeals.

Nationwide's policy, issued effective January 16, 1969, for a period of one year, named Mollenauer, doing business as "Azalea Garden Texaco," as the insured. It insured against the loss of money or se-

curities up to a limit of $1,000 "Inside the Premises," and a similar limit "Outside the Premises." The "premises" were described as located at a Norfolk address and the business conducted thereon was listed as a service station.

It was Mollenauer's practice when making business deposits at his bank to obtain $50 and $100 bills in exchange for smaller bills. He would take the larger bills home and make them part of a "slush fund" he maintained for business or personal use.

In December, 1969, within the policy period, Mollenauer and his wife took a trip, financed from the "slush fund." In their absence, their home was burglarized and the balance of the "slush fund," then amounting to $800, was stolen.

Mollenauer made claim against Nationwide for his loss, and the claim was denied. The present litigation ensued.

Nationwide takes the position in its brief, as it did in the trial court, that its policy afforded coverage only for "money or securities connected with the insured's business." When called upon to point out what provision of the policy limited coverage to business property, Nationwide candidly admitted that there was no "specific provision" having such effect. Instead, it contended that a "fair reading of the entire policy" would support its position.

Nationwide points to various portions of the policy where Mollenauer is described as doing business under a trade name, where the location and nature of the business are stated, where the word "premises" is defined as a building occupied for business purposes, and where the conditions are specified under which coverage is afforded against loss "Outside the Premises." A "fair reading" of these provisions, Nationwide says, shows clearly that "the only money covered by the policy in question was that which was related to the service station business."

The difficulty with Nationwide's position is that if a "fair reading" of the policy would *support* coverage, then that is the reading we must give it. Where an insurance policy is susceptible of two constructions, one of which would effectuate coverage and the other not, it is the court's duty to adopt that construction which will effectuate coverage. *Surety Corporation v. Elder*, 204 Va. 192, 197, 129 S.E.2d 651, 655 (1963).

Such an effectuating construction is clearly permissible in this case. The policy defines "money" merely as "currency, coins, bank notes and bullion; and travelers checks, register checks and money orders

held for sale to the public." Significantly, there is lacking at the end of this definition, and elsewhere in the policy, what Nationwide would like to have supplied, *viz.*, the words "connected with the insured's business." Without such words, money not limited to purely business funds is included within the definition.

One provision of the policy covers loss of money "by the . . . wrongful abstraction thereof outside the premises . . . while within the living quarters in the home of any messenger." The property so insured is of the same character as that included within the policy definition of "money," that is, money not limited to business funds.

The policy includes the insured within the definition of the word "messenger." Mollenauer, the insured, suffered the loss of his money while it was "within the living quarters" in his home. That the money, at the time of loss, may have changed its character from purely business funds is immaterial in view of the lack of limiting language in the policy. So Mollenauer's loss was covered.

What Nationwide really wants us to do by its requested "fair reading" of the policy is to infer that only business property was covered. But insurance policies are not construed that way. They are construed by what is written, not by what is omitted, and courts cannot supply the lacking language.

The judgment of the trial court will be reversed and final judgment will be entered here in favor of Mollenauer against Nationwide in the sum of $800.

*Reversed and final judgment.*