## Richmond

STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY v. DRAGA MANOJLOVIC,
ADMINISTRATOR, ETC.

December 2, 1974.

Record No. 730619.

Present, All the Justices.

*Philip B. Morris (Browder, Russell, Little, Morris & Butcher,* on brief), for plaintiff in error.

*Howard C. Vick*, for defendant in error.

Poff, J., delivered the opinion of the court.

Plaintiff's decedent was killed when the vehicle he was driving, a tractor-trailer truck owned by his employer, was struck by a pickup truck. There was no physical contact between decedent's body and the pickup truck. Decedent was the named insured in a family automobile insurance policy issued by State Farm Mutual Automobile Insurance Company (defendant). Defendant denied coverage on plaintiff's claim for funeral expenses. Proceeding by warrant *ex contractu*, plaintiff acquired judgment against defendant in Henrico County Court.[1] On appeal, the trial court entered final judgment for plaintiff.

---

[1] Now the General District Court of Henrico County.

Judgment was based on letter opinion construing Part II, Coverage C, Division I of the policy which obligates defendant to pay medical and funeral expenses resulting from injuries "caused by accident" when incurred by an insured:

"(a) while occupying the owned automobile,

"(b) while occupying a non-owned automobile . . . or

"(c) through being struck by an automobile . . . ."

The parties stipulate that the tractor-trailer truck was neither an "owned automobile" nor a "non-owned automobile" as defined by the policy [2] and that plaintiff's decedent was not covered by paragraphs (a) or (b). The question is whether decedent was "struck by an automobile" within the coverage intendment of paragraph (c).

We reject the argument that this language in paragraph (c), standing alone, conditions coverage upon physical contact between the offending automobile and the body of the insured. Among jurisdictions which have considered the issue, that argument reflects the minority view; we consider the majority view sounder. See Annot., 33 A.L.R. 3d, 962, 967-8 (1970); 44 Am. Jur. 2d *Insurance* § 1301 (1969); 45 C.J.S. *Insurance* § 700, n. 98 (1946, Supp. 1974); 8 J. Appleman, *Insurance Law and Practice* § 4896, n. 74.20 a (Supp. 1973); 8 Blashfield Automobile Law and Practice § 319.17 (1966, Supp. 1974).

But defendant contends that this language, not standing alone but standing in context with the language in paragraphs (a) and (b), must be construed as "intended to cover an insured who is 'struck by' an automobile as a pedestrian or in some other capacity where there is actual physical contact between the striking vehicle and the insured." Defendant reasons that the word "occupying" was purposefully used in the first two paragraphs and omitted in the third to show an intent to grant coverage to an insured injured while occupying one of the two defined classes of automobiles and to deny coverage to an insured injured while occupying an automobile of any other class.

Assuming that the language of all three paragraphs read together fairly bears such a construction, we consider whether it

---

[2] As defined by the policy, an "owned automobile" is one "described in this policy for which a specific premium charge indicates that coverage is afforded"; a "non-owned automobile" is one "not owned by or furnished for the regular use of" an insured.

fairly bears any other construction. We think it does. Under paragraphs (a) and (b), coverage is activated by an insured's occupancy of an automobile of the named class. Under paragraph (c), coverage is activated by the impact of an automobile. Nothing in the policy explicitly limits coverage under paragraph (c) to an impact directly upon the body of the insured; nothing explicitly excludes coverage when the impact is upon an automobile occupied by the insured; and nothing explicitly excludes coverage when the automobile occupied by the insured is one of a class different from the classes named in paragraphs (a) and (b). Such limitations and exclusions arise, if at all, by implication only, and insurance policies "are construed by what is written, not by what is omitted, and courts cannot supply the lacking language." *Mollenauer* v. *Nationwide Mut. Ins. Co.*, 214 Va. 131, 133, 198 S.E.2d 591, 592 (1973).

Faced with two constructions equally fair, we apply the rule stated in *Surety Corporation* v. *Elder*, 204 Va. 192, 197, 129 S.E.2d 651, 655 (1963), that "the one which permits a greater indemnity will prevail, because indemnity is the ultimate object of insurance." Here, as in *Mollenauer* v. *Nationwide Mut. Ins. Co.*, *supra*, 214 Va. at 132, 198 S.E.2d at 592, "it is the Court's duty to adopt that construction which will effectuate coverage", and we affirm the judgment of the trial court.

*Affirmed.*

Carrico, J., dissenting.

I subscribe to the view expressed by the majority that insurance policies are to be construed by what is written, not by what is omitted, and courts cannot supply lacking language. I also embrace the proposition that if a policy permits of two constructions equally fair, the one which provides greater indemnity will prevail. I cannot agree, however, with the result reached by the majority.

Paragraph (a) of the medical payments portion of the policy provides coverage to an insured injured while occupying a defined owned automobile. Paragraph (b) provides coverage to an insured while occupying a defined non-owned automobile. Paragraph (c) provides coverage to an insured when he is injured "through being struck by an automobile."

The majority says that nothing in paragraph (c) "explicitly excludes coverage when the automobile occupied by the insured is one of a class different from the classes named in paragraphs (a) and (b)." That is doubtless true, but it is no answer to the problem. The question is: what coverage is included?

To say, as the majority says, that the plaintiff's decedent was covered in the present case, one must read paragraph (c) to provide coverage to an insured injured "while occupying any vehicle not defined in paragraphs (a) and (b) when such vehicle is struck by an automobile." To so construe the policy adds to paragraph (c) language which obviously has been omitted and at the same time reduces the other two paragraphs to almost meaningless application, possibly leaving only single-car accidents covered by paragraphs (a) and (b).

I construe paragraph (c), when read together with paragraphs (a) and (b), to provide coverage when an insured is struck by an automobile while he is a pedestrian, an onlooker at the scene of an accident, an occupant of a rocking chair on his front porch, or in other similar situations not involving occupancy of a motor vehicle. This, to me, is the only reasonable construction the policy language permits. I would reverse.

Harrison, J., joins in this dissent.