Mrs. Net V. TYLER, as Administratrix of the Estate of Cecil H. Tyler, Deceased, Plaintiff-Appellant,

v.

INSURANCE COMPANY OF NORTH AMERICA, INC., a corporation, Defendant-Appellee.

No. 74-3655

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Oct. 4, 1976.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Before BROWN, Chief Judge, and GOD-BOLD and GEE, Circuit Judges.

JOHN R. BROWN, Chief Judge:

Because this case presented important and unsettled questions of Alabama contract law, once again we made use of the valuable tool of certification provided by the Alabama Constitution.[1] Alabama Constitution Art. VI, section 140(b)(3). The facts and certified questions are fully set out in *Tyler v. Insurance Company of North America, Inc.*, 5 Cir., 1975, 520 F.2d 341. The Alabama Supreme Court has responded with the final statement of Alabama law.[2] On the basis of the legal standards set by the Alabama Supreme Court and applicable principles of federal law, we reverse the District Court and hold that Assured, Tyler, must recover and on remand direct the entry of a judgment in Assured's favor.

Two portions of the policy insuring Cecil Tyler were at issue, (i) whether he was "alighting from" the automobile at the time he received the fatal injuries (clause (c)) and (ii) whether he was "struck by an automobile" (clause (d)) when a rope attached to a boat on a trailer towed by the car caught his foot causing him to be dragged behind the car.[3] The District court held for Insurer on both issues.

■ Although this Court, *Tyler, supra,* 520 F.2d at 341, and the Alabama Supreme

Roscoe B. Hogan, Birmingham, Ala., for plaintiff-appellant.

Robert D. Norman, Marshall H. Fitzpatrick, Birmingham, Ala., for defendant-appellee.

1. We recently had opportunity to praise this "exercise of responsible federal-state relations" in *Barnes v. Atlantic & Pac. Life Ins. Co. of Am.*, 5 Cir., 1976, 530 F.2d 98, 99 (certified questions set out at 514 F.2d 704). For other cases certified from this Court to the Alabama Court, see *Cincinnati Ins. Co. v. City of Talladega*, 5 Cir., 1976, 529 F.2d 718; *Southeastern Financial Corp. v. Smith*, 5 Cir., 1976, 526 F.2d 1233; *Harrison v. Insurance Co. of N. Am.*, 1975, 294 Ala. 387, 318 So.2d 253. This has been fully developed with regard to Florida certification, *see Nardone v. Reynolds*, 5 Cir., 1975, 508 F.2d 660, 663 n.6; *Coastal Petroleum v. Secretary of Army*, 5 Cir., 1973, 489 F.2d 777, 779 n.5.

2. *Tyler v. Insurance Co. of N. Am., Inc.*, 1976, Ala., 331 So.2d 641.

3. . . . the company insures [the insured] . . . against loss of life . . . resulting . . . from bodily injuries . . . caused by accident occurring while this policy is in force and *arising out of* the following specific hazards:

(c) driving . . . or riding in or on, boarding or *alighting* from
(1) any pleasure type automobile . . . or
(d) being *struck* by any automobile, truck or public conveyance.

Court, *Tyler, supra,* 331 So.2d at 644 recited that the District Court granted a summary judgment in favor of Insurer, Insurer now contends that the District Court reached the merits and decided the fact issues in favor of Insurer.[4] Insurer argues, therefore, that even under the principles of Alabama law as they are now decided, it is entitled to judgment because the District Judge made fact findings that preclude plaintiff's position. We reject this argument. Whatever the technical disposition by the District Judge, our disposition on appeal following consideration by the Alabama Supreme Court is the same. Any fact findings based on an erroneous legal standard cannot be credited. *Battlestein Investment Co. v. United States,* 5 Cir., 1971, 442 F.2d 87, 89; *Fulton National Bank v. Tate,* 5 Cir., 1966, 363 F.2d 562, 566.

■■■ The District Court did not reach the question whether under Alabama law the policy covered the present fact situation where Assured was struck by something other than the auto itself, since the Trial Judge found that there was no "striking" because there was no "sudden or forcible contact" with Assured. The Alabama Supreme Court has now told us, however, not only that "no actual physical contact between the plaintiff and the automobile is required for recovery" but also "struck" does not require sudden impact. *Tyler, supra,* 331 So.2d at 646. The Alabama Court stated, "This court concludes that a finding of contact with an object whose motive force is an automobile is sufficient to bring the facts within the meaning of 'struck by an automobile' as used in the contract of

insurance in this case." *Id.* at 646.[5] Here the rope was given motive force by the automobile as it pulled forward. The rope then came into contact with Assured and the contact caused him to be pulled to the ground and dragged behind the car.

■■ Looking at the Record and at the Alabama law from the federal perspective of the substantial evidence rule, *Boeing Co. v. Shipman,* 5 Cir., 1969, 411 F.2d 365, 373–75 (en banc), we conclude that there is nothing to be gained by a remand in this case. The evidence is undisputed that Assured was "struck by an automobile" within the now-ascertained Alabama meaning of the policy. We decide this not because we are bound by the statement by the Alabama Supreme Court that summary judgment for Assured on this issue would have been correct,[6] but on the basis of federal standards and our reading of the evidence and agreed statement of facts in the light of this authoritative Alabama holding. *See Tyler, supra,* 520 F.2d at 343.

Since we hold that Assured was entitled to judgment on the authoritative ruling of Alabama law on the evidence that he was struck, consideration of that portion of the policy concerning "alighting from" is unnecessary. We point out, however, that the Alabama Supreme Court concluded that the facts raised a jury issue on this point under their interpretation that the term "pleasure-type" modifies "alighting" as well as automobile. The Court said that if there were a remand the factfinder should consider whether Assured's activities would constitute an alighting "as normally per-

---

4. Both parties moved for summary judgment and the Court reached a judgment on the basis of the pleadings, a pretrial hearing and a deposition by Assured's son-in-law, the only living witness. In addition, the Court heard oral argument. App. 60.

5. The Court stated:

In the case of *Dean v. American Fire & Casualty Co.,* 249 S.C. 39, 152 S.E.2d 247 (1967), the South Carolina Supreme Court had occasion to construe the term "struck" as used in an accidental insurance contract. The court noted that,

"The word 'struck' is the past tense of the word 'strike' which in its plain, ordinary

and popular sense means 'to hit with some force'; 'to come in collision with'; 'to give a blow to'; 'to come into contact forcibly'."

The important phrase in this definition for our purposes is the phrase "to come into contact [with]"—the contact being sufficient if its result is injury to the plaintiff. 331 So.2d at 646.

6. We are aware that Alabama follows the scintilla rule in regard to summary judgment. *Wilson v. Liberty Nat'l Life Ins. Co.,* 1976, Ala., 331 So.2d 617; *Union Central Life Ins. Co. v. Scott,* 1970, 286 Ala. 10, 236 So.2d 328.

formed on a *pleasure fishing trip* under similar circumstances." *Tyler, supra,* 331 So.2d at 645.[7]

Once again we praise this useful device of federalism which has provided a final answer based not on our extrapolation of uncharted law, but on the Alabama legal principles as determined by that State's highest Court. By it, with no uncertainty as to legal principles, and a record which meets our *Boeing* standards, we bring this case to an end.

REVERSED AND REMANDED WITH DIRECTIONS.

---

7. Even though not essential to our decision, we discuss this to inform those who may later be faced with interpreting similar language of the legal standards as established by the Alabama Supreme Court.