## Richmond

### EARLY SETTLERS INSURANCE COMPANY V.
### JAMES ZANE JORDAN.

November 24, 1976.

Record No. 751192.

Present, All the Justices.

*Theodore J. Craddock; S. James Thompson, Jr. (Caskie, Frost, Hobbs & Hamblen,* on briefs), for plaintiff in error.

*Paul Whitehead,* for defendant in error.

HARRISON, J., delivered the opinion of the court.

The court below awarded James Zane Jordan a judgment against Early Settlers Insurance Company for $1,391, with 6% interest from December 6, 1970, until paid, for medical expenses incurred by him as a result of an injury sustained in an accident which occurred on December 6, 1969. Jordan, then age 26, while driving his own automobile, a 1967 Dodge sedan, swerved off the highway to avoid an accident with another vehicle and collided with a tree. There was no contact between the two automobiles.

Jordan's liability insurance policy on his automobile did not provide medical payments coverage. However, he was then living in his father's home and, as a member of the family, was insured under the father's insurance policy with Early Settlers Insurance Company. That policy covered a 1962 Pontiac automobile and a 1956 Chevrolet pickup truck and provided for medical payments coverage in the amount of $1,000 for each person.

The policy issued by appellant (Part II, Division 1 thereof) obligated Early Settlers to pay all reasonable medical expenses incurred within one year from the date of the accident and resulting from injuries "caused by accident" when incurred by the named insured and each relative "(a) while occupying the owned automobile, (b) while occupying a non-owned automobile . . . or (c) through being struck by an automobile. . . ." We are not concerned with the coverage under paragraphs (a) and (b). The sole question we need consider is whether Jordan was "struck by an automobile" within the coverage intendment of paragraph (c), as he claims.

Jordan relies upon *State Farm* v. *Manojlovic*, 215 Va. 382, 209 S.E.2d 914 (1974). There plaintiff's decedent was killed when the vehicle he was driving, a tractor-trailer truck owned by his employer, was struck by a pickup truck. There was no physical contact between decedent's body and the pickup truck. Decedent was the named insured in his family automobile insurance policy and his insurer, the State Farm Mutual Insurance Company, denied coverage on plaintiff's claim for funeral expenses. In affirming a recovery we rejected the argument that the langage in paragraph (c), standing alone, conditioned coverage upon physical contact between the offending automobile and the body of the insured. We held:

"Under paragraphs (a) and (b), coverage is activated by an insured's occupancy of an automobile of the named class. Under paragraph (c), coverage is activated by the impact of an automobile. Nothing in the policy explicitly limits coverage under paragraph (c) to an impact directly upon the body of the insured; nothing explicitly excludes coverage when the impact is upon an automobile occupied by the insured; and nothing explicitly excludes coverage when the automobile occupied by the insured is one of a class different from the classes named in paragraphs (a) and (b). Such limitations and exclusions arise, if at all, by implication only, and insurance policies 'are construed by what is written, not by what is omitted, and courts cannot supply the lacking language.' *Mollenauer* v. *Nationwide Mut. Ins. Co.*, 214 Va. 131, 133, 198 S.E.2d 591, 592 (1973)." 215 Va. at 384, 209 S.E.2d at 916.

Early Settlers argues that *Manojlovic* is not controlling because Jordan's automobile was not struck by another vehicle.

It says, adopting the view expressed in the dissent in *Manojlovic*, that to construe paragraph (c) to cover all accidents completely reduces paragraphs (a) and (b) to almost meaningless application.

Appellant cites *Wachovia Bank and Trust Co. v. Westchester Fire Insurance Co.*, 6 N.C. App. 277, 170 S.E.2d 72 (1969), *rev'd on other grounds*, 276 N.C. 348, 172 S.E.2d 518 (1970), in which the North Carolina appellate courts discussed the policy provision "struck by an automobile". There the plaintiff's decedent died as a result of injuries received in a head-on collision involving one of his two insured automobiles and another automobile. It was held that paragraph (c) "through being struck by an automobile ..." did not require actual physical contact between the injured individual and the striking automobile. The Court of Appeals then said, in dictum:

> "If a situation is presented where a so-called one-automobile accident occurs, *i.e.*, striking a bridge abutment or a tree, or overturning, then in that situation only the automobile actually occupied would be covered since (a) or (b) would be applicable and (c) would not apply. If the insured is a pedestrian or riding on some type of vehicle other than an automobile, the medical expenses are incurred 'through being struck by an automobile' and only (c) would be applicable and a recovery would be sustained up to the limits applicable to each automobile designated in the policy." 170 S.E.2d at 78.

The Supreme Court of North Carolina reversed on other grounds but said:

> "The policy defines 'owned automobile' and 'non-owned automobile'. Therefore, these terms must be so construed in the coverage clause of the policy. Had there been no separate premium paid for the Ford pickup truck in connection with medical payments coverage, though the pickup was owned by the insured in the ordinary meaning of that term, it would not have been 'the owned automobile' within the coverage of the policy, nor would it have been a 'non-owned automobile'. Thus, in that event, the insured, the members of his family and others riding in the Ford pickup truck would not have had the benefit of the medical payments coverage afforded by this policy, unless the accident which caused their injury was due to the truck's being struck by another automobile." 172 S.E.2d at 524.

Appellant concludes therefrom that the North Carolina courts consider paragraph (c) to apply only to those cases where the insured and members of his family are riding in an automobile for which no premium was specifically paid on the policy and where the vehicle was struck by another automobile. It says that Jordan's automobile was not struck by another automobile and therefore, under this theory, paragraph (c) does not afford him coverage.

Jordan says that paragraph (c) does not exclude coverage to an insured who is struck in or by his own automobile. In support he cites *State Farm Mutual Ins. Co.* v. *Johnson*, 242 Miss. 38, 133 So.2d 288 (1961), in which the insured was struck by a plank hurled at him by the spinning wheels of his car, and *Dean* v. *American Fire and Casualty Co.*, 249 S.C. 39, 152 S.E.2d 247 (1967), in which an insured's hand was injured when struck by his falling automobile when it slipped off a jack which supported it. However, in both *Johnson* and *Dean* the automobiles involved belonged to the insured-claimant and were "owned" automobiles. Appellee further says that neither the policy involved here nor *Manojlovic* requires that there be an offending vehicle which must strike the insured's automobile. In essence, Jordan states his position to be that medical payments coverage "not only attaches to the automobile but it insures the named insured and any relative who is a member of his household, and that the coverage follows the insured and the relative when he is *accidentally injured* while *occupying an automobile, or* through being struck by an automobile, *any automobile*". [Italics supplied.]

In *Manojlovic* we decided that although coverage "through being struck by an automobile" is activated by the impact of an automobile, such coverage is not conditioned upon physical contact between the offending automobile and the body of the insured. The construction contended for by Jordan is neither a logical nor an inevitable extension of *Manojlovic*. It would convert paragraph (c) medical payments coverage into accident insurance for the named insured and his relatives who suffer injuries that are related either to the operation or occupancy of an automobile, or that are inflicted by a blow in which an automobile participated. Paragraphs (a) and (b) would become meaningless for it would then be of no moment whether the claimant was occupying an owned automobile or a non-owned

automobile since he would be covered under paragraph (c) for any automobile related injury. In fact, there would be no necessity to have medical payment coverage on more than one owned vehicle except to increase the amount of coverage where "stacking" is permitted.

In *Quesenberry* v. *Nichols and Erie*, 208 Va. 667, 672, 159 S.E.2d 636, 640 (1968), we quoted from *Aviation Employees Insurance Co.* v. *Barclay*, 237 Md. 318, 323, 206 A.2d 119, 121 (1965), this pertinent paragraph:

> " 'A policy of insurance is a contract, and, in the absence of constitutional or statutory barriers, the parties thereto are at liberty to make their own agreement. It needs no citation of authority to assert that where there is ambiguity in the terms of an insurance policy, they should be liberally construed in favor of the insured and against the drafter of the policy; but this does not mean that a strained or unjustified construction of the policy is to be adopted, which disregards the plain meaning and intent of the parties. . .' "

We agree with the following statement found in *Wachovia Bank and Trust Co.* v. *Westchester Fire Insurance Co.*, *supra*: "[T]he term 'struck by an automobile' . . . would include one who sustains bodily injury through the striking by an automobile of another vehicle or other object, in or upon which the injured person was. Thus, the term 'struck by an automobile', as used in this policy, includes, nothing else appearing, one who is injured when the vehicle, occupied by him, is struck by another automobile and is not limited to collisions between automobiles and pedestrians, or to other situations involving physical contact between the body of the claimant and the automobile in question." 276 N.C. at 356, 172 S.E.2d at 523.

Specifically, we hold that Jordan was not covered within the intendment of paragraph (c) of the medical payments coverage of his father's policy. Jordan was operating his own personal automobile which was neither an owned automobile nor a non-owned automobile as described in the policy, and neither Jordan nor his automobile was struck by an automobile. There having been no impact between the vehicle in which Jordan was riding and that of the unknown motorist who is alleged to have

forced him off the highway, coverage under paragraph (c) of the policy was never activated.

The judgment of the lower court is reversed, and final judgment will be entered for appellant.

*Reversed and final judgment.*