# Phil Rex Davis

## v.

# Preferred Risk Mutual Insurance Company

Record No. 860623

September 23, 1988

Present: All the Justices

*Frank M. Slayton (Fred S. Black*, on brief), for appellant.
*Frank O. Meade (Meade, Tate & Daniel, P.C.*, on brief), for appellee.

RUSSELL, J., delivered the opinion of the Court.

This appeal requires us to decide whether insurance coverage exists for an injury caused by a blow struck by an object propelled by the wheels of an automobile. The applicable policy language provides medical payments coverage for injuries "caused by accident . . . (c) through being struck by an automobile or by a trailer of any type."

The facts are stipulated. On February 11, 1983, in South Boston, Virginia, Phil Rex Davis (Davis) responded to the request of a neighbor, Billy Dyer, to help extricate Dyer's wife's car from deep snow. Davis, standing in the snow behind the car, attempted to push the car from the rear while Dyer drove. When this effort failed, a wooden board was placed under one of the rear wheels. When Dyer again attempted to accelerate the car, the wheel spun, propelling the board to the rear with considerable force. The board struck Davis, causing severe injuries.

At the time of the accident, Davis was a resident of the household of Marty and Josie Davis, to whom he was related. As such, he was entitled to coverage for medical payments if he came within Part II, Division 1(c), of policies issued by Preferred Risk Mutual Insurance Company (PRMIC) on two automobiles owned by them. That policy language, as noted above, covered injuries "caused by accident . . . through being struck by an automobile. . . ."

Davis made a claim which PRMIC refused to pay, contending that Davis had not been "struck by an automobile." Davis filed a civil warrant in the general district court, received an adverse ruling, and appealed to the circuit court. That court, after reviewing the stipulated evidence, held that Davis' injury was not covered by the policy. We granted Davis an appeal from the final judgment entered in favor of PRMIC.

■ We have considered identical policy language in two prior cases. In *State Farm* v. *Manojlovic*, 215 Va. 382, 209 S.E.2d 914 (1974), plaintiff's decedent was killed when the vehicle he was driving was struck by a truck. There was no physical contact between the truck and the decedent's body. There, we said: "We reject the argument that this language in paragraph (c), standing alone, conditions coverage upon physical contact between the offending automobile and the body of insured. Among jurisdictions which have considered the issue, that argument reflects the minority view; we consider the majority view sounder." *Id.* at 383, 209 S.E.2d at 915 (citations omitted). We held that the decedent's funeral expenses were covered by the "struck by an automobile" language in paragraph (c) of a medical payments clause. We observed that nothing in the policy explicitly limited paragraph (c) coverage to an impact directly on the insured's body. Faced with two equally fair constructions of the policy language, we relied upon familiar principles in adopting the alternative which would provide insurance coverage. *Id.* at 384, 209 S.E.2d at 916.

In *Early Settlers Ins. Co.* v. *Jordan*, 217 Va. 462, 229 S.E.2d 871 (1976), we again considered the "struck by an automobile" language of paragraph (c) in a similar policy. There, a claimant driving his own car swerved off the highway to avoid collision with another car. He struck a tree and was injured, but there was no contact between vehicles. Relying on *Manojlovic*, he claimed coverage under the medical payments clause of his father's insurance policy. We decided that paragraph (c) did not extend so far, and held that there was no coverage because neither the claimant nor his automobile was "struck by an automobile." We quoted with approval language from *Wachovia Bank & Trust Co.* v. *Westchester Fire Insurance Co.*, 6 N.C. App. 277, 170 S.E.2d 72 (1969), *rev'd on other grounds*, 276 N.C. 348, 356,172 S.E.2d 518, 523 (1970): "the term 'struck by an automobile' . . . would include one who sustains bodily injury through the striking by an automobile of another vehicle or other object, in or upon which the injured person was." *Jordan*, 217 Va. 466, 229 S.E.2d at 874. We reaffirmed the holding of *Manojlovic*, that although coverage " 'through being struck by an automobile' is activated by the *impact* of an automobile, such coverage is not conditioned upon physical contact between the *offending automobile* and the body of the insured." *Jordan*, 217 Va. at 465, 229 S.E.2d at 874 (emphasis added).

██ Our prior decisions have settled the principles which govern the present case. The medical payments coverage of paragraph (c) is not activated unless there is an "impact" by an "offending automobile" upon some object which results in injury to the plaintiff. The term "impact" is subject to the following definitions, among others: "the act of impinging or striking (as of one body against another or of a stream squarely against a fixed or moving surface) . . . the force of impression of one thing on another . . . a concentrated force producing change . . . an *impelling or compelling effect* . . . . " Webster's Third New International Dictionary 1131 (1976) (emphasis added). But once the coverage is so activated, it is immaterial whether the injury-causing blow to the plaintiff's body is delivered by the "offending automobile" itself, or by the object which that automobile set in motion. Thus, the plaintiff in *Manojlovic* recovered; the plaintiff in *Jordan* did not. These distinctions are consonant with the majority view in other jurisdictions which have considered the question. See authorities cited in *Manojlovic*, 215 Va. at 383, 209 S.E.2d at 915.

We perceive no rational distinction to be drawn between a blow struck by an object propelled by a moving automobile and a blow struck by an object propelled by the spinning wheels of an automobile which is either stationary or moving only slightly. Cause and effect are essentially the same. Both blows result from the "impact" of an automobile. Accordingly, we hold that Davis' injuries were covered by the policies in question. Because the parties have stipulated the sum Davis is entitled to recover if coverage applies, we will reverse the judgment appealed from and enter final judgment here.

*Reversed and final judgment.*

COMPTON, J., dissenting.

Today, the majority decides that "struck by an automobile" means "struck by a board." I cannot endorse that view.

In order to make this pronouncement, the Court relies on *State Farm* v. *Manojlovic*, 215 Va. 382, 209 S.E.2d 914 (1974), and *Early Settlers* v. *Jordan*, 217 Va. 462, 229 S.E.2d 871 (1976). Neither of those cases supports the majority's conclusion.

In *Manojlovic*, the plaintiff's decedent was killed when a tractor-trailer truck he was driving, owned by his employer, was struck by a pickup truck. There was no physical contact between the decedent's body and the pickup truck.

The decedent was the named insured in a family automobile insurance policy issued by the defendant insurer, which denied the plaintiff's claim for funeral expenses. The medical payments provisions of the policy, as here, obligated the insurer to pay medical and funeral expenses resulting from injuries "caused by accident" when incurred by an insured: " '(a) while occupying the owned automobile, (b) while occupying a non-owned automobile . . . or (c) through being struck by an automobile. . . .' " 215 Va. at 383, 209 S.E.2d at 915. The parties stipulated that the tractor-trailer truck was neither an "owned automobile" nor a "non-owned automobile" within the meaning of the policy and that the plaintiff's decedent was not covered by paragraphs (a) and (b). The precise issue in the case was "whether decedent was 'struck by an automobile' within the coverage intendment of paragraph (c)." *Id.*, 209 S.E.2d at 915.

In affirming a judgment against the insurer, we rejected its argument that paragraph (c) conditioned coverage upon physical contact between the offending vehicle and the body of the insured. We also rejected the contention that paragraph (c) was intended to cover an insured who is "struck by" a vehicle as a pedestrian or in some other capacity where there is physical contact between the striking vehicle and the insured.

We decided that the policy language was susceptible to different constructions and, under familiar principles, adopted the construction that effectuated coverage. We held:

"Under paragraphs (a) and (b), coverage is activated by an insured's occupancy of an automobile of the named class. Under paragraph (c), coverage is activated by the impact of an automobile. Nothing in the policy explicitly limits coverage under paragraph (c) to an impact directly upon the body of the insured; nothing explicitly excludes coverage when the impact is upon an automobile occupied by the insured; and nothing explicitly excludes coverage when the automobile occupied by the insured is one of a class different from the classes named in paragraphs (a) and (b)." 215 Va. at 384, 209 S.E.2d at 916.

In other words, the Court held that an insured is "struck by an automobile" when he or she occupies the passenger compartment of a motor vehicle which is in collision with another vehicle. "[C]overage is activated by the impact of an automobile" upon the vehicle in which the insured is riding. *Id.*, 209 S.E.2d at 916. This is a far cry from holding, as does the majority in the present case, that coverage is activated by the impact of an automobile upon a board that is propelled through the air and strikes the insured.

In *Jordan*, the plaintiff, driving his own automobile, swerved off the highway to avoid another vehicle and struck a tree. There was no contact between the two vehicles.

The plaintiff's liability policy on his own vehicle did not contain medical payments coverage. However, he claimed coverage under his father's policy issued by the defendant insurer which covered two other vehicles and which included medical payments coverage. The medical payments policy language was identical to the language in the present case and in *Manojlovic*.

In holding in favor of the insurer, this Court said, "The sole question we need consider is whether Jordan was 'struck by an automobile' within the coverage intendment of paragraph (c)." 217 Va. at 463, 229 S.E.2d at 872. Stating that the construction of the paragraph advocated by the plaintiff was "neither a logical nor an inevitable extension of *Manojlovic*," *id.* at 465, 229 S.E.2d at 874, the Court held that the plaintiff was not covered within the meaning of paragraph (c). We said:

> "Jordan was operating his own personal automobile which was neither an owned automobile nor a non-owned automobile as described in the policy, and neither Jordan nor his automobile was struck by an automobile. There having been no impact between the vehicle in which Jordan was riding and that of the unknown motorist who is alleged to have forced him off the highway, coverage under paragraph (c) of the policy was never activated." *Id.* at 466-67, 229 S.E.2d at 874-75.

But the majority says that *Jordan* is a decision which has "settled the principles which govern the present case." I disagree. A case holding that the occupant of a vehicle *is not* "struck by an automobile" when there is no impact between his vehicle and the

offending vehicle is not authority for the conclusion that one *is* "struck by an automobile" when hit by a board propelled by a vehicle. There seems to be a gap in the majority's logic.

I would construe the policy language as written and not fashion a new contract for the parties. I would hold that being struck by a board propelled by an automobile does not qualify as being "struck by an automobile," within the meaning of the policy terms in issue. Accordingly, I would affirm the judgment below.

STEPHENSON, J., joins in dissent.