VIRGINIA FARM BUREAU MUTUAL INSURANCE COMPANY

v.

DAVID T. JERRELL

Record No. 860149

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

v.

DANIEL STRODE MASON, ET AL.

Record No. 860840

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

v.

JOSEPH C. BUTLER

Record No. 870049

November 18, 1988

Present: Carrico, C.J., Poff, Compton, Stephenson, Russell, and Thomas, JJ., and Gordon, Retired Justice

*Matthew B. Murray (Madeline J. Bradstock; Richmond and Fishburne,* on briefs), for appellant. (Record No. 860094)

*F. Guthrie Gordon, III (Gordon & Wyatt,* on brief), for appellee. (Record No. 860094)

*Henry M. Sackett, III (William E. Phillips; Edmunds & Williams,* on brief), for appellant. (Record No. 860840)

*F. Guthrie Gordon, III (Ronald D. Henderson; Donald G. Pendleton; Pendleton and Gamble,* on brief), for appellees. (Record No. 860840)

*John W. Zunka (Taylor & Zunka, Ltd.,* on briefs), for appellant. (Record No. 870049)

*F. Guthrie Gordon, III (Gordon & Wyatt,* on brief), for appellee. (Record No. 870049)

CARRICO, C.J., delivered the opinion of the Court.

Each of these appeals involves the medical payments provision of an automobile liability insurance policy. In each instance, the insured was injured when the motor vehicle he was occupying[1] collided with another motor vehicle. The pertinent policy provision purports to limit coverage to injuries sustained by an insured "while not occupying a motor vehicle, through being struck by an automobile."[2] A statutory provision extends coverage to injuries sustained by an insured "through being struck by a motor vehicle," without any qualifying language concerning the nonoccupancy of a motor vehicle. The question for decision in each case is whether the policy language is in conflict with the statutory provision and hence ineffective to limit coverage.

### Record No. 860149 - *Farm Bureau v. Jerrell*

In the case represented by Record No. 860149, David T. Jerrell was the named insured in an automobile liability insurance policy issued by Virginia Farm Bureau Mutual Insurance Company. The policy covered three automobiles and a pickup truck owned by Jerrell, with medical payments coverage of $4,000 on each vehicle.

On October 19, 1984, Jerrell was injured when a Yamaha motorcycle he owned and was riding collided with a pickup truck operated by Frank Beverly. The motorcycle was insured by another company, and the policy provided no medical payments coverage. When Farm Bureau denied coverage under its policy, Jerrell filed this action to recover the medical expenses he had incurred. The trial court awarded him judgment against Farm Bureau for $16,000.

### Record No. 860840 - *State Farm v. Mason and Compton*

Record No. 860840 is a consolidated appeal from judgments in two separate actions brought in the same trial court. In the first action, Daniel Strode Mason was the named insured in an automobile policy issued by State Farm Mutual Automobile Insurance

---

[1] Actually, three of the four insureds were riding motorcycles. A motorcycle is a motor vehicle. Code § 46.1-1(15); *USAA Ins. Co. v. Yaconiello*, 226 Va. 423, 425, 309 S.E.2d 324, 324 (1983).

[2] In one of the cases, the insured collided with a pickup truck. The insurer in that case makes no point of the fact that the collision was with a truck rather than an automobile.

Company covering a Toyota automobile owned by Mason, with medical payments coverage of $10,000. Mason resided with his mother, and she was the named insured in an automobile liability policy issued by State Farm on her Datsun automobile, with medical payments coverage of $5,000, protecting her and "each relative who sustains bodily injury . . . caused by accident."

On May 31, 1985, Mason was injured when a Kawasaki motorcycle he owned and was riding collided with an automobile operated by Delores Jean Phillips. The motorcycle was insured by State Farm but under a policy with no medical payments coverage. State Farm denied coverage under both the mother's and the son's policies, and Mason brought this action to recover the medical expenses he had incurred.

In the second action included in Record No. 860840, Roger Eugene Compton resided with his parents, and his father was the named insured in an automobile liability insurance policy issued by State Farm. The policy covered three automobiles belonging to the father, with medical payments coverage of $2,000 on each vehicle, protecting the named insured and "each relative who sustains bodily injury . . . including death . . . caused by accident."

On June 17, 1985, Compton was killed when a motorcycle he owned and was riding collided with an automobile. The motorcycle was insured by State Farm, but the policy provided no medical payments benefits. State Farm denied coverage under the policy issued to the father, and the administrator of Compton's estate brought this action to recover medical and funeral expenses incurred.

The Mason and Compton actions were consolidated for trial. The trial court awarded judgment against State Farm in favor of Mason for $12,270.85 and in favor of Compton's estate for $6,000.

### Record No. 870049 - *State Farm* v. *Butler*

In the case involved in Record No. 870049, Joseph C. Butler resided with his parents, and they were the named insureds in a family automobile liability policy issued by State Farm. The policy covered two vehicles owned by the parents, with medical payments coverage of $5,000 on each vehicle, protecting the named insureds and "each relative who sustains bodily injury . . . caused by accident."

On May 12, 1985, Butler was injured when a Honda automobile he owned and was driving collided with another motor vehicle. The Honda was insured by another company, with medical payments coverage of only $500. When State Farm denied coverage under its policy, Butler filed the present action to recover the medical expenses he had incurred, which exceeded $10,500. The trial court awarded him judgment against State Farm for $10,000.

The medical payments provision of each policy involved in these appeals was worded as follows:

> To pay all reasonable expenses incurred within one year from the date of accident for necessary medical . . . and funeral services:
>
> To or for the named insured and each relative who sustains . bodily injury, sickness or disease, including death resulting therefrom, hereinafter called "bodily injury", caused by accident,
>
> . . . .
>
> (c) while not occupying a motor vehicle, through being struck by an automobile . . . .

In oral argument, the parties joined issue on the question whether the insureds' entitlement to coverage is controlled by the policy provisions or by the terms of Code § 38.1-21 (Cum. Supp. 1984) (now Code § 38.2-124)[3] when read with Code § 38.1-343 (Repl. Vol. 1981) (now Code § 38.2-318).[4] In pertinent part, Code § 38.1-21 stated:

---

[3] The insureds also argued that Code § 38.1-380.1 (Cum. Supp. 1983) (now Code § 38.2-2201) provided them with coverage. This Code section, relating to so-called "mandatory" medical payments coverage, stipulated that "[u]pon request of its insured," an insurer shall "provide, . . . as a minimum coverage," the health care benefits specified therein. We held in *State Farm* v. *Seay*, 236 Va. 275, 373 S.E.2d 910 (1988) (this day decided) that a specific request is required to trigger the mandatory provisions of Code § 38.1-380.1. 236 Va. at 278, 373 S.E.2d at 912. There is no evidence that a specific request was made by any insured in the present case. Hence, Code § 38.1-380.1 is inapplicable.

[4] In 1986, Code §§ 38.1-1 through 38.1-971 were repealed and replaced by Code §§ 38.2-100 through 38.2-4916 (Acts 1986, ch. 562). Because each of the accidents in this case occurred before the effective date of this legislation, all references in this opinion are to the former provisions.

> Any policy of motor vehicle and aircraft [liability] insurance . . . may include appropriate provisions whereby the insuring company assumes the obligation of payment of medical . . . and funeral expenses arising out of the death or injury of any person . . . if such injury or death is caused by accident and sustained . . . through being struck by a motor vehicle . . . .

Code § 38.1-343 provided:

> Any insurance policy, rider or endorsement hereafter issued and otherwise valid, which contains any condition or provision not in compliance with the requirements of this title, shall not be rendered invalid thereby, but shall be construed and applied in accordance with such conditions and provisions as would have been applied had such policy, rider or endorsement been in full compliance with this title.

The insurers contend that the policy language "while not occupying a motor vehicle" is not inconsistent with the statutory language "through being struck by a motor vehicle." Under Code § 38.1-21, the insurers argue, issuance of the medical payments coverage therein described is "strictly within the discretion of the insurer" and there is no specification of what the coverage must include "if an insurer decides to offer it."

We considered a similar argument in *State Farm* v. *Seay*, 236 Va. 275, 373 S.E.2d 910 (1988) (this day decided). There, a policy provision purported to limit medical payments coverage to injuries sustained by an insured while occupying an automobile. The insured was injured while riding a motorcycle. The pertinent provision of Code § 38.1-21 extended coverage for injuries sustained by an insured "while in or upon . . . a motor vehicle." The insurer argued that Code § 38.1-21 was applicable only to the extent it permitted insurers voluntarily to write medical payments coverage and that the Code section did not mandate the incorporation of the more inclusive term "motor vehicle" into the medical payments provision of the policy.

After noting that the term "motor vehicle" was broad enough to include a motorcycle, 236 Va. at 278 n.2, 373 S.E.2d at 911 n.2, we rejected the insurer's argument, stating:

[W]hile, as [the insurer] says, Code § 38.1-21 may constitute the basis upon which it voluntarily writes medical payments insurance, we think that, once the coverage is provided, it must be written to provide at least the coverage prescribed by Code § 38.1-21. The coverage cannot be lessened, for example, by substituting the term "automobile" in the policy for the term "motor vehicle" specified in the statute.

236 Va. at 280, 373 S.E.2d at 912-13.

■ We held in *Seay* that because the medical payments provision of the policy was not in compliance with the requirements of Code § 38.1-21, the statute prevailed and superseded the conflicting policy provision. *Id.* at 280, 373 S.E.2d at 913. We think a similar conflict exists here. Indeed, if, as is apparent, the statutory provision would provide coverage but the policy provision would not, there could be no greater conflict.

The insurers point out, however, that the State Corporation Commission has mandated use of the "while not occupying a motor vehicle" language in the medical payments provisions of automobile liability policies. SCC Administrative Order No. 8465 (1984); SCC Administrative Order No. 7371 (1981). The Commission's action has a rational basis, the insurers argue, and, hence, is entitled to deference. What the Commission did, the insurers assert, was to remove the ambiguity in the statutory language "through being struck by a motor vehicle," an ambiguity, the insurers say, we recognized in *State Farm v. Manojlovic*, 215 Va. 382, 209 S.E.2d 914 (1974).

In *Manojlovic*, the plaintiff's decedent was killed when the tractor-trailer he was operating collided with a pickup truck. The insurer argued that the policy language "through being struck by an automobile," when read in context with other policy language, should be construed to provide coverage only when the insured is struck while a pedestrian or in some other situation where there is contact between the offending vehicle and the body of the insured.

■ We agreed that the policy language permitted such a construction. We said, however, that there was another construction which would permit coverage where the impact is not upon the body of the insured but upon an automobile occupied by the insured. We then observed that, "[f]aced with two constructions equally fair, we apply the rule . . . that 'the one which permits a

greater indemnity will prevail . . . because indemnity is the ultimate object of insurance.' " *Id.* at 384, 209 S.E.2d at 916 (quoting *Surety Corporation* v. *Elder*, 204 Va. 192, 197, 129 S.E.2d 651, 655 (1963)).

The insurers argue that, although *Manojlovic* dealt only with policy language, the decision pointed out to the State Corporation Commission that there was ambiguity in the language of Code § 38.1-21 as well. The insurers say that the Commission then stepped in, interpreted the statutory language, and resolved the ambiguity by mandating use of the language "while not occupying a motor vehicle."

This is an interesting argument, but it suffers from a fatal flaw. As a result of its interpretation, the Commission created an irreconcilable conflict between the provisions of the policy and the terms of the statute and, in such a case, the statute prevails and supersedes the conflicting policy provisions. *Seay*, 236 Va. at 279, 373 S.E.2d at 911. The result desired by the insurers, *viz.*, to give effect to the "while not occupying a motor vehicle" proviso, can be obtained only by amending the statute, and this the Commission is powerless to do. Hence, the Commission's action in mandating use of the proviso is not entitled to the deference it might otherwise receive, and we give it no effect.

Finding no reversible error in any of the judgments appealed from, the judgments will be affirmed.[5]

*Affirmed.*

---

[5] In Record No. 860840, involving *State Farm* v. *Mason and Compton*, the trial court used Code § 38.1-380.1 as the basis for its holding that the insureds were entitled to coverage. We have found § 38.1-380.1 inapplicable but have held that § 38.1-21 is applicable, entitling the insureds to coverage. This phase of the case, therefore, is subject to the rule that where a trial court has decided a case correctly but has assigned the wrong reason, we will assign the right reason and affirm. *Seay*, 236 Va. at 279, 373 S.E.2d at 912.