## CIRCUIT COURT OF FAIRFAX COUNTY

Nationwide Mutual Ins. Co.

v.

Tomlin & O'Keefe
Investments, Inc.

November 21, 1990

Case No. (Chancery) 115631

By JUDGE JACK B. STEVENS

This matter has been under advisement by the Court to consider defendant Tomlin & O'Keefe's Motion to Dismiss (originally brought as a Plea in Bar) Nationwide's Petition for Declaratory Judgment.

The case arises out of an insurance contract issued by Nationwide to Tomlin & O'Keefe. Nationwide asserts it is not obligated to indemnify or defend Tomlin & O'Keefe in a case against them by a customer who was injured while using a tanning bed.

Tomlin & O'Keefe has Moved to Dismiss on the grounds that a reading of the contract will prove *one* of the following, which will dispose of the case without the need of an evidentiary hearing:

(1) The incident is covered under the Special Business Policy because operation of a tanning bed does not fit into the class of professional services excluded from coverage.

(2) If running a tanning bed is a professional service, it is covered under the Cosmetologist

Professional Liability Coverage Endorsement, or

    (3) The policy is ambiguous, susceptible to more than one reasonable interpretation; and under Virginia law, it must be interpreted to effectuate coverage.

The Court's view is that the matter is covered under the Special Business Policy. At the very least, however, the contract is ambiguous since it is susceptible to more than one reasonable interpretation.

A determination of whether a contract is ambiguous is a question of law, not fact. *Wilson v. Holyfield*, 227 Va. 184, 227 S.E.2d 184 (1984). No evidentiary hearing is needed on the matter of ambiguity.

Virginia law dictates that the terms of insurance contracts must be clearly stated on the face of the contract or else be strictly construed in favor of the insured. Section 38.2-1808 of the Virginia code states:

No agent shall make any contract of insurance *or agreement with respect to the insurance that is not plainly expressed in the policy or contract issued.* (Emphasis added.)

In *Mollenauer v. Nationwide Mut. Ins.*, 214 Va. 131, 132, 198 S.E.2d 591 (1973), the Court stated the well-settled principle that:

[W]here an insurance policy is susceptible of two constructions, one of which would effectuate coverage and the other not, it is the Court's duty to adopt that construction which will effectuate coverage . . . .

*See also Bornstein v. National Union Fire Ins.*, 828 F.2d 242 (4th Cir. 1987); *Town Crier, Inc. v. Hume*, 721 F. Supp. 99 (E.D. Va. 1989); *Caldwell v. Transportation Insurance Co.*, 234 Va. 639, 364 S.E.2d 1 (1988); *St. Paul Ins. v. Nusbaum & Co.*, 227 Va. 407, 316 S.E.2d 734 (1984).

In the case at bar, the contract is susceptible to more than one reasonable interpretation and is therefore

ambiguous. In pertinent part, the contract states that coverage does not apply to:

> bodily injury or property damage due to the rendering of, or failure to render, any professional service, including but not limited to: (a) legal, accounting, advertising, engineering, drafting, architectural, and (b) medical, dental, pharmacological, cosmetic, hearing aid, optical or ear piercing services . . . .

Nationwide insists that the term cosmetic covers the operation of a tanning bed. They base their argument on the fact that Webster's Dictionary defines cosmetic as, of, or relating to making for beauty, especially of the complexion, or done for the sake of appearance.

Tomlin & O'Keefe argues that the operation of a tanning bed does not fit into either subsection (a) or (b) of this exclusion. The services listed in group (a) are all technical in the fields of law, business, or architecture. The services in group (b) are all medical and health related. The operation of a tanning bed is unlike the listings of either category because it is neither technical nor health or medically related. In addition, this Court notes that the services listed in group (a) generally require advanced education or degrees, and that the services in group (b) generally require licensing of some type. Neither advanced education nor licensing is required to operate a tanning bed.

The Court finds that both interpretations of this contract are reasonable and that this contract is ambiguous. In addition, Tomlin & O'Keefe's argument that Nationwide wants to interpret professional services two opposite ways in the same contract to exclude coverage is well taken and is further support for the argument that the contract is ambiguous. As a result, the Court must interpret the contract to effectuate coverage. Tomlin & O'Keefe's Motion to Dismiss is, therefore, granted.

The Court takes note of Nationwide's arguments of concealment and misrepresentation. However, those matters are not properly before the Court. Allegations of concealment and misrepresentation are allegations of fraud. Fraud must be specifically pleaded. *Ciarochi v. Ciarochi*, 194

Va. 313, 73 S.E.2d 402 (1952); *Martin v. Williams*, 194 Va. 437, 73 S.E.2d 355 (1952). As pleaded, the Motion for Declaratory Judgment does not adequately allege fraud.