## CIRCUIT COURT OF FAIRFAX COUNTY

Randall W. Byrnes

v.

United Services
Automobile Association

July 22, 2005

Case No. (Law) CL-2004-222447

BY JUDGE M. LANGHORNE KEITH

This matter was argued on Friday, July 8, 2005. I have now had an opportunity to consider further the memoranda submitted and the arguments of counsel. For the reasons set forth below, I sustain United Services Automobile Association's Plea in Bar.

This case concerns whether Randall W. Byrnes's homeowner's insurance covers alleged mold damage. Defendant filed a mold endorsement, HO-MOLDVA (07-01) ("the Endorsement"), with the Virginia Corporation Commission, Bureau of Insurance ("the Commission") prior to December 16, 2001. The Endorsement limits Defendant's liability for mold damage caused by an insured peril to $2,500. When Plaintiff renewed his homeowner's insurance in September of 2002, the parties included the Endorsement. Paragraph Nine of the conditions section in that policy states "The terms of this policy are amended to conform to the statues, rules, and regulations of the state where this policy is issued whenever the terms of this policy are less favorable to the insured."

A toilet flooded Plaintiff's home causing extensive water damage in October of 2002. On November 1, 2002, Defendant informed Plaintiff that the Endorsement limited recovery for mold resulting from the flooded

toilet to $2,500. On December 13, 2003, the Commission notified Defendant of its intent to withdraw approval of the Endorsement. In its March 18, 2003 letter, the Commission withdrew approval effective March 15, 2003, stating "This form is less favorable than the minimum standards set forth in Title 14, Chapter 340, of the Virginia Administrative Code. . . ." ("VAC")

On April 23, 2004, Plaintiff filed a Motion for Judgment alleging that Defendant incorrectly relied on the Endorsement to cover only $138,000 of more than $400,000 in damages. Defendant responded with a Plea in Bar contending that the Commission's withdrawal of approval constitutes a subsequent change in the law and does not allow Plaintiff to avoid the Endorsement, which was effective when the damage occurred.

Plaintiff argues that the Plea in Bar should be overruled. According to Plaintiff, the Endorsement never became effective, because it does not satisfy either of the two elements required by 14 VAC 5-340-150: (1) that the Commission approve the Endorsement and (2) that the Endorsement meet the minimum standards established by 14 VAC 5-340. Plaintiff reasons that, because the Commission's withdrawal letter states that the Endorsement does not meet the minimum standards required by 14 VAC 5-340, the Endorsement was never effective and, at the time his toilet flooded, Paragraph Nine amended the policy to provide full coverage for mold damage caused by an insured peril.

The parties' arguments turn on whether the Endorsement was ever effective. To answer this question it is necessary to (1) examine the relevant statues and administrative code sections, (2) address Plaintiff's contention that the Commission never approved the Endorsement, and (3) determine the effect of the Commission's withdrawal letter.

Virginia Code § 38.2-130 defines homeowner's insurance as "a combination multi-peril policy written under the provisions of § 38.2-1921 containing fire, miscellaneous property, and liability coverages, insuring primarily (i) owner-occupied residential real property pursuant to § 38.2-2108, (ii) personal property located in residential units, or (iii) any combination thereof." Virginia Code §§ 38.2-223 and 38.2-2108 provide statutory authority for the Commission to regulate homeowner's insurance. Pursuant to Virginia Code § 38.2-223, the Commission issues rules and regulations in Title 14 of the Virginia Administrative Code. Additionally, Virginia Code § 38.2-2108(A) gives the Commission authority to "establish standards for the content of any policy or any rider, endorsement, or other supplemental agreement or provision for use in connection with any policy written to insure owner-occupied dwellings

which is to be issued or delivered in this Commonwealth." Virginia Code § 38.2-2108(B) directs the Commission to ensure that endorsements comply with the requirements in the VAC and other statutes stating "The Commission shall determine whether the policy form meets the standards of content and is in compliance with any other statutory requirements." Virginia Code § 38.2-317(C) provides the process for submission and approval or disapproval of endorsements, while Virginia Code § 38.2-317(D) lists the requirements placed on the Commission when withdrawing approval of an endorsement.

Pursuant to Virginia Code § 38.2-2108, 14 VAC 5-340 establishes standards for the content of homeowner's insurance policies and sets out what is required for an endorsement or policy to become effective. 14 VAC 5-340-150 provides:

> All companies shall file for approval policy forms or endorsements which are not less favorable than the minimum standard for coverage set forth in this chapter on or before October 1, 1981. No policy or endorsements shall be delivered, issued for delivery, or renewed in this Commonwealth to become effective on or after February 1, 1982, *unless it has been approved by the Commission and is not less favorable than the minimum standards for coverage set forth in this chapter, 14 VAC 5-340-10 et seq.*

(Emphasis added.)

Insurance policy forms comprising Exhibits 1 through 9 of 14 VAC 5-340 set out the "minimum standards" referenced throughout Chapter 340. None of the forms expressly address whether an insurance policy must cover loss by mold. 14 Va. Admin. Code 5-340, Ex.'s 1 through 9.

Plaintiff's Opposition to Plea in Bar contends that the Commission never approved the Endorsement. I disagree for three reasons.

First, Virginia Code § 38.2-317(C) provides "within thirty days after the filing of any policy form or endorsement requiring approval pursuant to this section, the Commission shall notify the insurer or rate service organization filing the policy form or endorsement of its approval or disapproval . . . . Any policy form or endorsement received but neither approved nor disapproved by the Commission shall be deemed approved at the expiration of the thirty days. . . ." Defendant filed the Endorsement with the Commission before December 16, 2001, and the Commission did not indicate its intent to withdraw approval until December 13, 2003.

Thus, thirty days after December 16, 2001, the Endorsement was deemed approved, as the Commission did not disapprove it within the time required by Virginia Code § 38.2-317(C). There is nothing in the record to indicate that the Commission exercised its discretion to "extend for up to an additional thirty days the period within which it shall approve or disapprove the policy form or endorsement." Va. Code Ann. § 38.2-317(C) (2002).

Second, Virginia Code § 38.2-317(D) states, "If the Commission proposes to withdraw approval previously given or deemed given to the policy form or endorsement to which this section applies, it shall notify the insurer in writing at least ninety days prior to the proposed effective date of withdrawal giving its reasons for withdrawal." The Commission's March 18, 2003, withdrawal letter uses the term *withdraw* instead of *disapprove* and complies with all of the statutory requirements for a withdrawal of approval, which indicates that the Commission recognized the Endorsement had been approved.

Third, in his own Motion for Judgment, Plaintiff alleges that the Commission approved the Endorsement. (Pl.'s Mot. for J. at 2.) When considering the pleadings on a plea in bar "the facts stated in the plaintiff['s] motion for judgment [are] deemed true." *Tomlin v. McKenzie,* 251 Va. 478, 480, 468 S.E.2d 882 (1996) (quoting *Glascock v. Laserna,* 247 Va. 108, 109, 439 S.E.2d 380 (1994)). Plaintiff has not amended his Motion for Judgment and the evidence does not support Plaintiff's new assertion that the Commission never approved the Endorsement.

Next, Plaintiff contends that, even if the Commission approved the Endorsement, that approval was meaningless because the Endorsement never met the minimum standards established by 14 VAC 5-340. To support this proposition, Plaintiff cites the Commission's withdrawal letter and references three automobile insurance cases: *State Farm Mutual Auto. Ins. Co. v. Seay,* 236 Va. 275, 373 S.E.2d 910 (1988); *Virginia Farm Bureau Mutual Ins. Co. v. Jerrell,* 236 Va. 261, 373 S.E.2d 913 (1988); and *USAA Casualty Ins. Co. v. Yaconiello,* 226 Va. 423, 309 S.E.2d 324 (1983).

All of these cases concern insurance policy provisions or endorsements that conflicted with or did not meet the minimum standards established by express statutory language. Likewise, 14 VAC 5-340-150 prevents an endorsement from becoming effective where the Commission grants approval but that endorsement does not meet the express standards in Virginia Code Title 38.2 or VAC Title 14. That is not the situation before this Court. Virginia Code Title 38.2 and VAC Title 14 do not

provide any express standards regarding mold endorsements. Neither the parties, the Commission, nor this Court have been able to find a specific provision establishing minimum standards for mold endorsements.

In its March 18, 2005, withdrawal letter, the Commission states, "We have consulted with our general counsel and he has concluded that our position regarding ensuing loss by mold is appropriate. . . . The minimum standards of the VAC allow insurers to exclude mold as a direct cause of loss only." The Commission does not cite a specific provision in 14 VAC 5-340, it merely exercises its statutory power under Virginia Code § 38.2-2108 to determine the minimum standards required by the VAC. In situations where an endorsement does not conflict with any express statutory or administrative criteria, it would be extraordinary for this Court to rule that the Commission's power to approve an endorsement, which is granted by the Virginia Legislature in Virginia Code §§ 38.2-317(C) and 38.2-2108(B), is a meaningless procedure. *See Jerrell,* 236 Va. at 268 (indicating that the Commission's actions receive deference where they do not conflict with statutory provisions).

Where no express standard exists, the Commission determines whether an endorsement meets the minimum standards referred to in 14 VAC 5-340-150 by approving or disapproving that endorsement. *See* Va. Code Ann. § 38.2-2108(B). In the present case, the Endorsement complied with the minimum standards of 14 VAC 5-340 and became effective when it was approved or deemed approved by the Commission. The Endorsement remained effective until March 15, 2003, when the Commission withdrew approval. Accordingly, the Endorsement limited Defendant's liability for mold damage during the relevant period, and the Plea in Bar is sustained.