State Farm Mutual Automobile Insurance Co. *v.* Johnson

No. 41946 October 2, 1961 133 So. 2d 288

*Lipscomb & Barksdale,* Jackson, for appellant.

*J. E. Smith, Albert Dickens, Jr.,* Carthage, for appellee.

KYLE, J.

The appellee Mrs. Mary Barnette Johnson, plaintiff in the court below, obtained a judgment against the appellant, State Farm Mutual Automobile Insurance Company, defendant in the court below, on an automobile liability insurance policy for the sum of $971.00 with interest thereon from the 26th day of February 1959; and from that judgment the appellant has prosecuted this appeal.

The policy appears to have been issued to Louis G. Johnson, the appellee's husband, on January 31, 1957, and to have been renewed from time to time, and was in full force and effect at the date of the alleged accident. The policy covered a 1952 Nash 4-door sedan automobile owned by the appellee's husband at the time the policy was issued and at the time of the alleged accident; and among other coverages the policy provided, as follows:

"Coverage C—Medical Payments. To pay reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, dental, ambulance, hospital, professional nursing and *funeral services, and* prosthetic devices, to or for each person who sustains bodily injury, caused by accident, while in or upon, entering into or alighting from, or through being struck by the automobile, provided the automobile is being used by insured or his spouse if a resident of the same household, or with the permission of the other."

The case was tried by agreement of the parties upon a stipulation as to the facts without the intervantion of a jury.

The stipulation showed facts as follows: On August 14, 1958, about 6:00 o'clock P. M., the said Louis G. Johnson had been driving his Nash automobile on a private road leading from his pond to a public road, in Leake County, when he drove across a bridge and the right rear wheel of his car dropped off the bridge; he obtained the assistance of Joe Odom and they procured a piece of 2" x 8" oak bridge timber, jacked up the car and placed the timber under the wheel parallel with the right bottom side of the car. Odom then got in the car to attempt to drive it forward and off the bridge. Mr. Johnson was standing on the left side of the car when Odom got in to drive. Odom cranked the car, put it in gear and the car moved forward. Odom did not feel the wheels spin but he felt the car go down a little. Odom stopped the car and when he got out of the car he saw Mr. Johnson lying down on the right side of the bridge to the rear of the car. Mr. Johnson said "Oh" twice and was holding his stomach with his hands. Odom seeing that he was hurt summoned help, and Mr. Johnson was taken to the Leake County Memorial Hospital, where he was seen by a physician who found an area of discoloration in his heart. It was stipulated and agreed that prior to the date of the accident Mr. Johnson was in apparent good health, and that when his car was started by Odom the wheel caused the 2" x 8" oak bridge timber to be thrown up or projected against him causing accidental injuries as a result of which he died. It was further stipulated that no one saw Mr. Johnson actually touching the car at the time of the accident, but that he was in the near vicinity of the car, and that the car was at that time being used with his permission.

It was further stipulated that the appellee, Mrs. Mary Barnette Johnson, sole surviving heir of Louis G. Johnson, deceased, and sole beneficiary under the terms of his will, expended the sum of $971 in payment of the funeral expenses, and that if she was entitled to recover

any sum under the policy, the amount of such recovery should be the said sum of $971.

The trial judge filed a written finding of facts based upon the above mentioned stipulation, and, as stated above, rendered judgment for the plaintiff.

The appellant's attorneys have assigned and argued under a single heading three points as ground for reversal of the judgment: (1) That the court's finding of facts and conclusion of law are contrary to the overwhelming weight of the evidence; (2) that the court erred in rendering a judgment in favor of the plaintiff; and (3) that the court erred in overruling the defendant's motion for a new trial. It is argued that the accident resulted from the spinning of the wheel, which caused the plank to be thrown out from under the wheel and to strike Mr. Johnson, and that the accident was not such accident as came within the coverage of the policy language, "caused by accident * * * through being struck by the automobile".

We think there was no error in the court's action in rendering judgment for the plaintiff for the amount sued for.

As stated by the Court in Maness v. Life & Casualty Insurance Company of Tennessee (1930), 161 Tenn. 41, 28 S. W. 2d 339, the peril against which the insured here had bought protection was that of a blow from a moving vehicle. He could not, of course, have been struck except by a vehicle in motion. It is true that the automobile did not actually hit the insured, but the automobile threw the piece of timber that was placed under the wheel against the insured at a time when the insured's car was in motion and was being used by him within the meaning of the coverage of the policy. The blow inflicted upon the insured as a result of his being struck by the piece of timber hurled at him was the efficient and proximate cause of his injury and death; and the fact that he was struck by the piece of timber hurled at him by the

moving car instead of by some part of the moving vehicle seems immaterial. The agency which inflicted the blow was the moving vehicle, against blows from which he had contracted for indemnity.

In 44 C. J. S., Insurance, Sec. 296, p. 1163, the rule relating to the construction of insurance contracts is stated as follows: "A contract of insurance should be given a fair and reasonable construction and, likewise, should be given a sensible construction, consonant with the apparent object and plain intention of the parties; a construction such as would be given the contract by an ordinary intelligent business man; and a practical and reasonable rather than a literal interpretation."

Our own Court in the case of Southern Home Insurance Co. v. Wall, 156 Miss. 865, 127 So. 298, 299, said: "In construing the provisions of a contract of insurance, all the provisions of the policy must be so construed, if it can be reasonably done, so as to give effect to each. Where the policy is subject to two interpretations, equally reasonable, that which gives the greater indemnity to the insured will prevail. If one construction, looking to the other provisions of the policy, and to its general object and scope, would lead to an unreasonable result, such construction must be abandoned, and that construction adopted which will be more consistent with reason. In all cases the policy must be liberally construed in favor of the insured, in order to accomplish the purpose of the insurance." In Great American Insurance Co. v. Bass, et al, (1950) 208 Miss. 436, 44 So. 2d 532, the Court said: "If the language of the policy be ambiguous or doubtful a reasonable construction in favor of the insured is indicated. Moreover, the policy must be construed in the light of its purpose and the hazards against which it was designed to protect. Fleming v. Travelers Ins. Co., 206 Miss. 284, 39 So. 2d 885." See also Life & Casualty Ins. Co. v. Greenlee, 187 Miss. 143, 192 So. 340; Interstate Life & Accident Co. v. Waters

(1951), 213 Miss. 265, 56 So. 2d 493; Saint Paul-Mercury Indemnity Co. v. Broyles (1957), 230 Miss. 45, 92 So. 2d 252; American Casualty Co. of Reading, Pa. v. Cutshall, Tenn. (1959) 326 S. W. 2d 443.

We find no reversible error in the record and the judgment of the lower court is affirmed.

Affirmed.

*Lee, P. J.,* and *Gillespie, McElroy* and *Jones, JJ.,* concur.