507 So.2d 369 (1987)
SOUTHERN FARM BUREAU CASUALTY INSURANCE CO.
v.
Jessie M. BREWER.
No. 56622.
Supreme Court of Mississippi.
May 13, 1987.
Dorrance Aultman, H. Alex Brinkley, Aultman, Tyner, McNeese & Ruffin, Hattiesburg, for appellant.
G. Gerald Cruthird, Colette A. Oldmixon, Smith, Smith, Tate, Stuart & Cruthird, Picayune, for appellee.
*370 Before HAWKINS, P.J., and PRATHER and GRIFFIN, JJ.
PRATHER, Justice, for the Court:
This case questions whether an insured is entitled to recover for injury under uninsured motorist coverage when a passing unknown vehicle propels an object through the windshield of the car occupied by the insured.
The Circuit Court of Pearl River County granted summary judgment to Jessie M. (Blackwell) Brewer, plaintiff, finding that Brewer was entitled to $10,000 uninsured motorist coverage, from Southern Farm Bureau Casualty Insurance Company, defendant, and that the contact which occurred between the insured vehicle and the uninsured motorist constituted "physical contact" as contemplated by the statute and the insurance policy. This Court affirms.

I.
The stipulated facts are that an insurance policy, issued by Southern Farm Bureau to Brewer's husband, Stephen A. Blackwell, provided $10,000 per person for uninsured motorist coverage. On August 25, 1982, Jessie M. Brewer was riding as a named insured passenger in an automobile covered under the policy. A pickup truck operated by an individual whose identity could not be ascertained pulled along side of the automobile in which Brewer was riding. The truck suddenly, without warning, cut in front of Blackwell's car. In doing so the truck struck an object later identified as a brake drum lying in the lane of traffic and propelled it into Blackwell's car. The brake drum broke the windshield of the automobile in which Brewer was riding and struck Brewer in the face. The negligence of the operator of the hit-and-run automobile was stipulated as being the sole and only proximate cause of the accident.

II.
When faced with a motion for summary judgment under MRCP 56, the trial court must review carefully all of the evidentiary matters before it  admissions in pleadings, answers to interrogatories, depositions, affidavits, etc. The evidence must be viewed in the light most favorable to the party against whom the motion has been made. If in this view, the moving party is entitled to judgment as a matter of law, summary judgment should forthwith be entered in his favor. Otherwise, the motion should be denied. Brown v. Credit Center Inc., 444 So.2d 358, 362 (Miss. 1983). See also Vickers v. First Mississippi National Bank, 458 So.2d 1055, 1060 (Miss. 1984); Dennis v. Searle, 457 So.2d 941 (Miss. 1984).
The only issue the lower court had to consider was whether or not the "physical contact" requirement, which was contained in the subject policy, and is also required in § 83-11-103(c)(v) of the Miss.Code, was sufficiently met.
The uninsured motorist provision covering the automobile at the time of the accident stated as follows:
The term "uninsured motor vehicle" means:
(3) A hit and run vehicle as defined under II(d);
II(d): The term "hit-and-run automobile" means an automobile which causes bodily injury and/or property damage to an insured arising out of physical contact of such automobile with the insured or with an automobile which the insured is occupying at the time of the accident... .
In Miss. Code Ann. § 83-11-103(c)(v) it is stated:
The term "uninsured motor vehicle" shall mean:
(v) A motor vehicle of which the owner or operator is unknown; provided that in order for the insured to recover under the endorsement where the owner or operator of any motor vehicle which causes bodily injury to the insured is unknown, actual physical contact must have occurred between the motor vehicle owned or operated by such unknown person and the person or property of the insured.
Appellants contend that no actual physical contact occurred between the automobile in which Brewer was riding and the *371 hit-and-run vehicle; therefore, the insurance policy did not apply to, nor cover, the loss which occurred.
Only two cases in Mississippi present scenarios similar to the facts of the case at bar. In Aetna Casualty & Surety Co. v. Head, 240 So.2d 280 (Miss. 1970), the plaintiff was injured when a bottle thrown by the occupant of an unknown vehicle, struck the insured's automobile injuring the insured. In that case this Court held that the "actual physical contact" requirement in the policy's uninsured motorist clause was not satisfied. In 1970, there was no Mississippi case construing the uninsured motorist clause, so the Court relied on George v. Mississippi Farm Bureau Mutual Ins. Co., 250 Miss. 847, 168 So.2d 530 (1964) to construe a definition of physical contact. In George, a bulldozer pushed loose material into a cut in front of a building. The weight of the loose material caused the building to fall. This Court held that the provision allowing recovery only in the event of "actual physical contact" required an actual contact-touching of the building by the vehicle before there could be recovery under the clause of the contract, and denied recovery. In contrast to Head, the policy language in the case at bar refers to the mere "physical contact" of a hit-and-run automobile.
In another case State Farm Mutual Automobile Insurance Co. v. Johnson, 242 Miss. 38, 133 So.2d 288 (1961), this Court ruled that a widow would be entitled to recover funeral expenses under the medical payment clause.
Johnson was driving his automobile across a bridge when the right wheel of the car dropped over the right side. Johnson enlisted the help of a gentleman and together they placed a plank beneath the car. Johnson stood behind the car as the other man drove it forward; the plank propelled into Johnson's body, proximately causing his injury and death. Although this case involved no hit-and-run vehicle and was written prior to the passage of the uninsured motorist act, it appears that the court accepted the propelling of an object by a vehicle into the insured as a compensable injury.
Since 1970 this Court has ruled that the uninsured motorist (UM) act is to "provide protection to innocent insured motorists and passengers injured as a result of the negligence of financially irresponsible drivers." Rampy v. State Farm Mutual Automobile Insurance Co., 278 So.2d 428, 432 (Miss. 1973). The act has further been interpreted to be remedial in nature, and its provisions are to be liberally construed to accomplish its purpose. Stringer v. Bufkin, 465 So.2d 331 (Miss. 1985).
In support of the contention that UM coverage is not available, appellant presents cases from other jurisdictions denying UM coverage, where the insured or insured vehicle was injured indirectly due to either the negligent act of a hit-and-run vehicle or due to collisions with objects left on the highway. But this Court thinks the better interpretation on this question is contained in such cases as Barfield v. Insurance Company of North America, 59 Tenn. App. 631, 443 S.W.2d 482 (1968) and Johnson v. State Farm Mutual Automobile Ins. Co., 70 Wash.2d 587, 424 P.2d 648 (1967).
In Barfield the Tennessee Court, although denying liability on another issue, ruled that the physical contact clause does not require that the vehicles be driven into a collision with each other or that an integral part of the offending vehicle be the injury-causing agency stating:
[W]hen a wheel of one vehicle hurls an object, such as a stone, into and against another vehicle, this constitutes physical contact between the two vehicles within the meaning of the hit-and-run provision of the uninsured motorist's coverage ...
443 S.W.2d at 486. An object propelled by one vehicle into another is sufficient to satisfy the physical contact requirement for recovery under the uninsured motorist provision for a hit-and-run driver. It is noted that both the policy provision in Barfield and the Tennessee statute (T.C.A. § 56-7-1201) are identical to the policy language in the case at bar and the UM statute in Mississippi.
*372 In Johnson v. State Farm Mutual Automobile Insurance Co., 70 Wash.2d 587, 424 P.2d 648 (1967) UM coverage was extended when a vehicle which caused the injury of the insured was set in motion by a hit-and-run driver. The Washington Court held that there was "`physical contact', though indirect, where one object hits a second, impelling it to strike a third object. The physical force of the first is transmitted through the intermediary to the last object." Id. 424 P.2d at 650.
Adopting the language found in Springer v. GEICO, 311 So.2d 36, 39-40 (La. App. 1975) this Court holds:
[T]hat the `physical contact of such vehicle' includes the physical contact of that vehicle with an intermediate vehicle or other object which, in the same mechanism of the accident, strikes the insured's vehicle... . Specifically, the injury causing impact must have a complete, proximate, direct and timely relationship with the first impact between the hit-and-run vehicle and the intermediate vehicle. In effect, the impact must be the result of an unbroken chain of events with a clearly definable beginning and ending, occurring in a continuous sequence.
A policy of UM insurance should encompass a definition to provide the insured with the protection for which he contracted.
Had the insurance company intended that the provision apply only where there is direct, as opposed to indirect physical contact, between the hit-and-run vehicle and the vehicle of the insured, it should have so provided in unmistakably clear language. And since the provision of the policy was capable of two meanings, the meaning and construction most favorable to the insured should be applied. GEICO v. Brown, 446 So.2d 1002, 1006 (Miss. 1984). Such reasoning is consistent with the express purposes of the Mississippi Uninsured Motorist Coverage Act to be remedial in nature and liberally construed to accomplish its purpose. Stringer v. Bufkin, 465 So.2d 331 (Miss. 1985).
"The rationale for the physical contact requirement in automobile insurance policies is to prevent fraudulent claims, ostensibly by providing objective evidence that a vanishing motorist had in fact been involved in the accident". Clark v. Regent Ins. Co., 270 N.W.2d 26 (S.D. 1978); Couch, 12A Insurance 2d § 45:643 (1981). But where, as in the case at bar, each side stipulates to the damages incurred by the plaintiff and that the injury received was the result of and caused by the negligence of the hit-and-run driver, the possibility of fraud does not exist.
GRANTING OF MOTION FOR SUMMARY JUDGMENT AFFIRMED.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.