555 So.2d 733 (1990)
Mary E. ANDERSON, Sherry Grimes, Johnny Wayne Hewett and Billy Warren Hewett
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and John Doe.
No. 07-58974.
Supreme Court of Mississippi.
January 10, 1990.
J. Brice Kerr, Pascagoula, for appellants.
Peter C. Abide, Compton Crowell & Hewitt, Biloxi, for appellee.
Before HAWKINS, P.J., and ROBERTSON and ANDERSON, JJ.
ROBERTSON, Justice, for the Court:

I.
Today's appellants present a bold invitation that we judicially amend the Mississippi Uninsured Motorist Insurance Act on grounds the amendment is demanded by public policy. The invitation begs the question, whence the authority to effect such an amendment. Because in today's setting the Constitution has vested that authority in the legislature, we decline the invitation. We affirm the judgment of the Circuit Court dismissing the complaint.

II.
On July 16, 1986, Roy Pierce, Jr. was driving his 1986 Ford Ranger pickup in a northerly direction on Riley Road in Jackson County, Mississippi. An unknown driver was operating another motor vehicle and was traveling ahead of Pierce and in the same direction. Pierce approached the vehicle ahead and attempted to pass when, under circumstances not completely clear, he lost control of his vehicle which then left the road, rolled over and fatally injured Pierce.
Pierce's vehicle was owned by his mother who, together with his heirs at law, brought a wrongful death action against State Farm Mutual Automobile Insurance Company under the uninsured motorist coverage of his mother's policy and against John Doe, the unknown driver of the unknown vehicle. Plaintiffs charge the unknown driver with negligence said to have caused Pierce's death and their damages. The parties stipulated that there was no actual physical contact between the Pierce truck and the unknown vehicle.
State Farm moved for summary judgment, and on December 18, 1987, the Circuit Court granted the motion and finally dismissed the Pierce complaint on grounds actual physical contact between the vehicles was required before State Farm had any responsibility under the uninsured motorist coverage of the policy.
Plaintiffs now appeal.

*734 III.
This action is controlled by the Mississippi Uninsured Motorist Insurance Act which in relevant part reads as follows:
"Uninsured motor vehicle" shall mean ... A motor vehicle of which the owner or operator is unknown; provided that in order for the insured to recover under the endorsement where the owner or operator of any motor vehicle which causes bodily injury to the insured is unknown, actual physical contact must have occurred between the motor vehicle owned or operated by such unknown person and the person or property of the insured.
Miss. Code Ann. § 83-11-103(c)(v) (Supp. 1989). A similar provision appears in the coverage section of the policy State Farm issued to Pierce's mother, Mary E. Anderson. This appeal turns on our reading of this language.
Here the parties have agreed that no actual physical contact occurred between the motor vehicle operated by the uninsured motorist and the person of Roy Pierce or the pickup truck he was driving. The legal language noted above would appear to preclude recovery.
In the face of this, Plaintiffs argue that public policy demands that they be entitled to recover if they can prove the negligence of the unknown driver, plus the requisite causation. Insofar as their action against that driver is concerned, not only public policy but clearly settled positive law so provides, although plaintiffs here, as in any other action, must learn the identity of the driver and hale him before the court via service of process. Vis-a-vis State Farm their action is a function of a special remedial enactment of the legislature implemented by the insurance contract between the parties, and we know of no imperative, grounded in public policy or elsewhere, that we adjudge the respective rights of these parties except by a right reading of the statutory and contractual language.
It is no answer that upon reflection the legislative enactment may be seen crude, inadequate or even foolish. See, e.g., Galloway v. Travelers Insurance Co., 515 So.2d 678, 689-90 (Miss. 1987); Walters v. Inexco Oil Co., 440 So.2d 268, 275-75 (Miss. 1983); Jenkins v. Borodofsky, 211 So.2d 874, 875 (Miss. 1968); Hall v. State, 427 So.2d 957, 962 (Miss. 1983); Durham v. Durham, 227 Miss. 76, 85 So.2d 807, 809 (1956); cf. Burrell v. State Tax Commission, 536 So.2d 848, 863 (Miss. 1988). Where the legislature has enacted upon a subject within its competence, we may not annul or evade what it has done.
Notwithstanding, Plaintiffs argue that the purpose of the "actual physical contact" language of the statute was to prevent fraudulent claims, citing Southern Farm Bureau Casualty Insurance Co. v. Brewer, 507 So.2d 369, 372 (Miss. 1987) and cases from other states where either statute or contract or both contain language other than that before us. Because there was an eyewitness to the accident, added to the stipulation State Farm joined, this is clearly not a fraudulent claim; hence, the purpose of the "actual physical contact" language is spent and we may ignore it, or so we are told. Plaintiffs misperceive the occasions when resort to purpose is permissible as an aid to construction. Primary rules of legislative or other origin invariably contain a core of certainty and a penumbra of doubt and an infinite variety of shades of gray in between. When the case at hand shades toward the gray and the penumbra of doubt, principles and policies embedded in the valid legal language most certainly are valuable aids to construction. Today's case is within the core of certainty. We are faced with language requiring actual physical contact and a factual scenario where all agree there was none.
Plaintiffs seek more modest comfort in our Southern Farm decision. In that case an unidentified vehicle cut in front of the plaintiff's vehicle, and in doing so struck a brake drum lying in the road. The impact propelled the brake drum through the windshield of the Brewer vehicle and struck Brewer in the face. The interpretive issue before the Court lay within the penumbra of doubt regarding "actual physical contact," both the statute and contract being without explicit directive regarding physical contact between the uninsured motorist's *735 vehicle and another object which in turn struck the plaintiff. Reflection makes clear that an exclusion of cases where the uninsured motorist strikes an object which strikes the plaintiff could produce absurd results. Consider, for example, the case where the uninsured motorist rearends one vehicle which in turn strikes the plaintiff's vehicle in the rear. Since a brake drum lying in the road may not consistent with its properties and the laws of gravity self-propel itself through the windshield of an oncoming vehicle, the Court in Southern Farm found the evidentiary qualities implicit in the "actual physical contact" requirement and recognized coverage. More important, Southern Farm found an interpretation recognizing the intermediary role of the brake drum, one which both fit and proceeded from a policy view that best justified the "actual physical contact" mandate of the legal language. This is a far cry from today's case where the only contact experience by Pierce's vehicle was his fatal contact with mother earth.
We enforce the rule as it is written, and, when we do so, we may but affirm.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.