573 So.2d 761 (1990)
Steven (Stephen) G. PAPA
v.
MISSISSIPPI FARM BUREAU CASUALTY INSURANCE COMPANY.
No. 89-CA-0990.
Supreme Court of Mississippi.
December 19, 1990.
Landman Teller, Jr., Teller Martin Chaney Hassell & Williford, Vicksburg, for appellant.
Sam S. Thomas, Samuel E. Scott, Heidelberg & Woodliff, Jackson, for appellee.
Before ROY NOBLE LEE, C.J., and PRATHER and SULLIVAN, JJ.
PRATHER, Justice, for the Court:

I. INTRODUCTION

A.
On March 10, 1987, Steven G. Papa received "serious and permanent injuries" when he jumped off a bridge to avoid being *762 struck by a vehicle negligently driven by Charles Mahan, an uninsured motorist. Papa incurred medical bills in excess of $90,000 as a consequence of his injuries. He attempted to collect medical benefits of $5,000 under each of his three automobile insurance policies (for a total of $15,000) issued by Mississippi Farm Bureau Casualty Insurance Company ("Farm Bureau"); however, the insurer filed a complaint for declaratory judgment asking the Hinds County Circuit Court to declare that, under the facts of this case, Papa "is not entitled to any of the benefits provided by Coverage C (medical payments coverage) of [his] three policies." Coverage C provides, in relevant part, that:
[Farm Bureau will] pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services to or for:
DIVISION 1(a): The named insured and, while residents of the same household, his spouse and any relative of either, who sustains bodily injury, caused by automobile accident, while in or upon, entering or alighting from, or through being struck by any automobile... .
Because Mahan's vehicle "did not actually strike or touch Papa" and because Papa "was on foot and had not been riding in any vehicle when he jumped from the bridge," Farm Bureau contended that Coverage C is not applicable. Restated, Papa's "wholly unambiguous" policy covers only injuries "caused by automobile accident, while in or upon, entering or alighting from, or through being struck by any automobile." See Farm Bureau's Brief at 3 (quoting from Coverage C) (emphasis added by Farm Bureau).
Papa counterclaimed and contended that a "liberal construction" of Coverage C should lead to a conclusion contrary to that reached by Farm Bureau. Papa explained:
[T]he proximate cause of [his] injury was the operation of the automobile that forced him to jump from the bridge, for, had he not jumped, he would have most certainly been struck. This Court has already concluded that an item hurled from a car satisfied the language of a similar insurance policy on medical pay coverage, allowing recovery for injuries sustained when that item hit an individual even though the automobile itself did not "strike" the individual... . There is no practical difference between an item striking a person and the person striking the ground in order to avoid being hit by the automobile.
See Papa's Brief at 3-4 (citing State Farm Mut. Automobile Ins. Co. v. Johnson, 242 Miss. 38, 133 So.2d 288 (1961)).
The circuit court agreed with Farm Bureau's contention and opined: "In light of this [`unambiguous'] provision [Coverage C] of the subject policies of insurance, and in light of the [parties'] Stipulation of Facts, it is clear that the ... policies ... do not cover the medical bills [incurred] by ... Stephen G. Papa as a result of the subject accident and injuries... ."
Papa appealed the court's decision.

B.
Because the parties in this case stipulated to virtually all the relevant facts, this Court need only construe the intent of Coverage C and decide whether, as a matter of law, Farm Bureau should pay $15,000 of Papa's medical expenses.

II. ANALYSIS: Whether Papa Is Entitled to Receive Benefits Under Coverage C?

A.
The facts of this case are simple and virtually undisputed: Papa injured himself when he jumped off a bridge in order to avoid being struck by a vehicle being negligently driven by an uninsured motorist. The issue is whether Papa's insurance policies cover his injuries. Resolution of this issue requires construction of the following policy language: "[An insured may recover medical benefits if he] sustains bodily injury, caused by automobile accident, while in or upon, entering or alighting from, or through being struck by any automobile. *763 ..." Both parties and the circuit court concluded that this language is "clear and unambiguous" and, thus, construction entailed application of the "four corners" doctrine. See Pursue Energy Corp. v. Perkins, 558 So.2d 349, 351 (Miss. 1990). That is, the parties and the court each examined the language within the policy's "four corners"  without considering extrinsic or parol evidence.

B.
The dispute in the case sub judice essentially stems from a difference of opinion regarding construction of the word "struck." The policy language clearly provides that an insured is entitled to medical benefits when his injuries occurred "through being struck by any automobile."
Farm Bureau cites for support of its contention the factually-similar case of Early Settlers Ins. Co. v. Jordan, 217 Va. 462, 229 S.E.2d 871 (1976). In Jordan, the insured sustained injuries when he "swerved off the highway to avoid an accident with another vehicle and collided with a tree." Id., 229 S.E.2d at 872. The insured sought medical benefits under a policy which allowed recovery in cases in which injuries were sustained "through being struck by an automobile." Id. The Virginia Supreme Court construed this language and concluded that the insured could not recover because "neither he nor his automobile was struck by an automobile." The Court rationalized: "There having been no impact between the vehicle in which [the insured] was riding and that of the unknown motorist who is alleged to have forced him off the highway, coverage under ... policy was never activated." Id., 229 S.E.2d at 874.
Papa cites 42 Am.Jur.2d Insurance § 632 (1982), which provides a conclusion contrary to that reached by the Virginia Supreme Court:
It has been held that the proper construction of the policy provision "struck by an automobile" does not necessitate physical contact of the body of the insured with the automobile as a prerequisite to recovery. Thus, such a policy provision was held to cover an injury to one who suffered an accident while attempting to avoid being struck by an oncoming automobile, and when in imminent danger of being struck, even though the moving car did not come in contact with his body.

C.
Liberally construing the Farm Bureau policy provision, this Court concurs with Papa and "Am.Jur.'s" construction. Accord Southern Farm Bureau Cas. Ins. Co. v. Brewer, 507 So.2d 369, 372 (Miss. 1987) ("[S]ince the provision of the policy was capable of two meanings, the meaning and construction most favorable to the insured should be applied."); State Farm Mut. Automobile Ins. Co. v. Johnson, 242 Miss. 38, 133 So.2d 288, 290 (1961) ("In all cases the policy must be liberally construed in favor of the insured, in order to accomplish the purpose of the insurance." emphasis added)); Great American Ins. Co. v. Bass, 208 Miss. 436, 44 So.2d 532, 533 (1950) ("[T]he policy must be construed in the light of its purpose and the hazards against which it was designed to protect."). The parties agree that the actions of a negligent automobile driver proximately caused Papa's injuries  a scenario to which the policy should purposefully apply. Moreover, no fraud is involved  which is generally a rationale for requiring physical contact. Accord Brewer, 507 So.2d at 372; Clark v. Regent Ins. Co., 270 N.W.2d 26 (S.D. 1978). Of course, fraud could be involved in any case  physical contact notwithstanding.
Farm Bureau's construction inheres some absurdity: In order to "activate" the policy, one should wait until the automobile actually "strikes" him before he attempts to avert imminent danger. This "logic" would be inconsistent with this Court's view that one should take steps to mitigate damages. Cf. Barkley v. Miller Transporters, Inc., 450 So.2d 416, 420 (Miss. 1984) ("It is [one's] duty ... to take reasonably proper steps to avoid an accident or injury ... after having knowledge of the danger."). Unquestionably, mitigation of *764 damages would be consistent with insurers' interests.
In sum, this Court construes the Farm Bureau policy as covering Papa's injuries which were proximately caused by the negligence of an automobile driver. The circuit court's decision is therefore reversed. Cf. Cossitt v. Nationwide Mut. Ins. Co., 551 So.2d 879 (Miss. 1989); Brewer, 507 So.2d at 372; State Farm Mut. Automobile Ins. Co., 242 Miss. at 38, 133 So.2d at 288.

III. CONCLUSION
Based upon the foregoing, the circuit court decision is reversed. Under the facts of this case, Papa is entitled to recover medical benefits under Coverage C of his policy.
REVERSED AND RENDERED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.