Janet AUTRY, Next Friend and Natural Guardian of Dale Autry, a Minor, Plaintiff,

v.

NATIONWIDE GENERAL INSURANCE COMPANY, Defendant.

Civil Action No. 3:95–cv–473WS.

United States District Court, S.D. Mississippi, Jackson Division.

Sept. 27, 1996.

Kenneth K. Crites, Kenneth K. Crites, Attorney, Jackson, MS, for plaintiff.

Richard T. Lawrence, Watkins & Eager, Jackson, MS, for defendant.

## MEMORANDUM OPINION AND ORDER

WINGATE, District Judge.

Before the court is the motion of the defendant, Nationwide General Insurance Company, for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.[1]  This matter arises out of an accident involving Dale Autry (hereinafter Dale), a minor and son of the plaintiff, Janet Autry. On April 26, 1992, an unidentified vehicle allegedly caused Dale to lose control of his bicycle, fall to the ground, and suffer personal injury.  All parties agree that neither the unidentified vehicle, nor any object or physical force emanating from the unidentified vehicle made physical contact with Dale.  All parties also agree that Dale Autry is an insured under his parent's automobile insurance policy.  Following Dale's accident, his parent made a claim under the policy.  Relying upon its interpretation of the Uninsured Motorist Provision of its insurance policy, however, the defendant has refused coverage of any claims regarding Dale's injuries based on the absence of any physical contact be-

---

1.  Rule 56 of the Federal Rules of Civil Procedure provides in pertinent part:  .

    **(a) For Defending Party.**  A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof.

tween Dale's bicycle and the unidentified motorist. Opposing defendant's motion for summary judgment while submitting her own motion for summary judgment on the same undisputed facts, plaintiff avers that this court should enter judgment in her favor because Mississippi jurisprudence does not require physical contact to activate an insurer's Uninsured Motorist Provision. Holding that the language in the instant automobile insurance policy clearly requires physical contact and that no features of Mississippi law counsel this court to ignore this contracted provision, this court hereby grants defendant's motion for summary judgment and denies that of plaintiff. The reasoning of the court is set out below.

Plaintiff is an adult resident of Rankin County, Mississippi. Defendant is a corporation organized and existing by virtue of the laws of the State of Ohio with its principal place of business in Columbus, Ohio. The amount involved in this action, exclusive of interest and costs, exceeds the sum of $50,-000, in that this is an action in which the plaintiff demands judgment in the amount of $108,000. Therefore, this court has jurisdiction over this matter pursuant to Title 28 U.S.C. § 1332.[2] In a diversity action such as this, the court is bound to apply Mississippi substantive law since the State of Mississippi is where the injury occurred and no other state has a more significant relationship to the occurrence or parties. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

Prior to January, 1992, Nationwide General Insurance Company issued an automobile insurance policy to Paul Autry with a coverage period of January 1, 1992, to July 1, 1992. This insurance policy provided coverage to Paul Autry, his wife, Janet Autry, and his son, Dale Autry, for property damage and bodily injury caused by an uninsured motor vehicle. Specifically, the policy stated that

We [Nationwide Insurance Company] will pay compensatory damages, including derivative claims, which are due by law to

you or a relative from the owner of an uninsured motor vehicle because of bodily injury suffered by you or a relative. Damages must result from an accident arising out of the: 1. ownership; 2. maintenance; or 3. use; of the uninsured motor vehicle.

Under the definition section of this endorsement, the term "uninsured motor vehicle" was defined in pertinent part as follows:

7. "UNINSURED MOTOR VEHICLE" means: ...

    d. a "hit-and-run" motor vehicle which causes bodily injury to an insured by physical contact with:

    (1) such insured; or

    (2) a vehicle the insured is occupying.

The driver and owner of the "hit-and-run" vehicle must be unknown.

The Nationwide policy basically tracks the language of the Mississippi uninsured motorist statute, Miss.Code Ann. § 83–11–103(c)(v), which states:

The term "uninsured motor vehicle" shall mean:

(v) a motor vehicle of which the owner or operator is unknown; provided that in order for the insured to recover under the endorsement where the owner or operator of any motor vehicle which causes bodily injury to the insured is unknown, actual physical contact must have occurred between the motor vehicle owned or operated by such unknown person and the personal property of the insured.

On April 26, 1992, eleven year-old Dale Autry was riding his bicycle with a friend in a westerly direction in the right-of-way adjacent to Scenic Drive in Brandon, Mississippi. An unidentified and unknown motor vehicle, also heading west, approached from behind. As Dale moved further to the north or right hand side of the street, he lost control of his bicycle and fell to the ground suffering personal injury.

---

**2.** Title 28 U.S.C. § 1332 provides in pertinent part:
    (a) The district court shall have original jurisdiction of all civil actions where the matter in

controversy exceeds the sum or value of $50,-000, exclusive of interest and costs, and is between—
    (1) citizens of different states; ...

Under the rubric of *Celotex Corporation v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), this court may grant a summary judgment motion where there are no genuine issues of material fact and the movant is entitled to a judgment as a matter of law. Here, the parties have stipulated to the material facts and have agreed that there was no physical contact between Dale and the unknown and unidentified motor vehicle. Thus, the sole issue before this court is whether coverage under the instant uninsured motorist provision is limited to only instances where there is physical contact between the insured and the uninsured motorist.

The answer to the question is not found in any uniform national rule; states have taken diverse perspectives on the issue. *See Klimstra v. State Farm Auto Insurance Company*, 891 F.Supp. 1329 (D.Minn.1995) (In a choice of law case, involving the "hit and run" clause of an uninsured motorist provision of an insurance policy, the court applied the law of Wisconsin which construed "hit and run" to mean physical contact instead of the law of Minnesota where a physical contact requirement by any name constituted an impermissible restriction of the coverage mandated by the Minnesota statute.); *National Union Fire Insurance Company v. Watts*, 963 F.2d 148 (6th Cir. 1992) (In a case involving the physical contact requirement in an uninsured motorist provision of an insurance policy, the court was confronted with having to choose between the laws of three states: Florida, Indiana and Texas. Under Florida law, in the interest of public policy, an injured party could recover from uninsured motorists insurance despite the absence of physical contact or the presence of such a requirement in the insurance contract. The law of Indiana and Texas, however, required physical contact so as to prevent fraudulent claims. Ultimately, the court chose the law of Florida because, among other things, "Florida's public policy interest seemed to outweigh the considerations of the other states involved."); *National Union Fire Insurance Company v. Binker*, 665 F.Supp. 35 (D.D.C.1987) (In determining the propriety of a summary judgment motion, pertaining to the physical contact provision of an uninsured motorist insurance policy, the court was faced with a choice of law analysis involving the law of the District of Columbia and Virginia. Virginia law implicitly forbade physical contact provisions in insurance, while the District of Columbia clearly did not prohibit such a provision. The Court denied summary judgment motion until it could be determined which law applied.).

Those states which champion the physical contact requirement are primarily concerned with the prevention of fraud. *See Louthian v. State Farm Mutual Insurance Company*, 493 F.2d 240 (4th Cir.1973) (The court held that where physical contact is required under the uninsured motorist policy, there must be actual contact by the uninsured motorist or an involuntary intermediary propelled by the uninsured motorist must make physical contact. Such a holding, said the Court, was consistent with the physical-contact requirement's purpose to reduce abuses arising from fraudulent claims.); *State Farm Mutual Automobile Insurance Company v. Spinola*, 374 F.2d 873 (5th Cir.1967) (same, applying Florida law); *Burton v. State Farm Mutual Auto Insurance Company*, 869 F.Supp. 480 (S.D.Tex.1994) (Court held that under Texas law, where uninsured motorist provision of insurance policy makes it clear that physical contact is required, insured is barred from coverage where there is no actual contact between the claimant's car and the uninsured vehicle. In reaching this holding, the Court relied on, *inter alia*, a Texas state court holding which stated that, "The Legislature apparently chose to balance any injustice the 'actual physical contact' requirement creates against the perceived potential for fraudulent claims that would arise absent such a restriction." *Mayer v. State Farm Mut. Auto. Ins. Co.*, 870 S.W.2d 623, 625 (Tex.App.1994)).

Those states which refuse to enforce physical contact requirements are of the view that these requirements circumvent the purpose of uninsured motorist coverage and that fraud can be fleshed out in these cases in much the same way as in any other litigation. *See O'Hanlon v. Hartford Accident & Indemnity Company*, 439 F.Supp. 377 (D.Del. 1977) (Despite the physical contact require-

ment of the uninsured motorist policy, court held that such a requirement violated Delaware's insurance statute which required all insurance policies to include coverage for accidents involving "hit-and-run" vehicles. The court reasoned that since the sole concern reflected in the insurance statute was to provide a source of recovery for those injured in auto accidents by persons who cannot be held financially responsible, public policy would be contravened because the need the statute addressed would exist regardless of whether an accident entailed physical contact.); *Montoya v. Dairyland Insurance Company*, 394 F.Supp. 1337 (D.N.M.1975) (The court declined to enforce a physical contact requirement of an uninsured motorist policy on the basis that "the uninsured motorist statutes are designed to protect the injured party from the uninsured or unknown motorist" and "not designed to protect the insurance company from the injured party."); *Lee v. Wheeler*, 830 F.2d 1181 (D.C.Cir.1987) (The court held that "physical contact" requirement of an uninsured motorists policy was unenforceable as against public policy under the state case law).

In the instant case, the parties have stipulated that there was no physical contact, direct or indirect, between Dale Autry and the unknown motorist. The aforementioned stipulation notwithstanding, plaintiff argues that the physical contact requirement is inapplicable where the insured is injured while attempting to avert danger. Thus, using this "attempting-to-avert-danger" argument as a springboard, plaintiff leaps to the conclusion that when confronted with this circumstance Mississippi would align itself with those states which would decline to enforce an insurer's physical contact requirement on grounds of public policy. In support of this theory, plaintiff relies on *Papa v. Mississippi Farm Bureau Casualty Insurance Compa-*

*ny*, 573 So.2d 761 (Miss.1990), wherein the Supreme Court of Mississippi held that requiring the appellant to allow a vehicle to strike him before attempting to avert danger in order to activate the uninsured motorist provision was inconsistent with the court's view that one should take steps to mitigate damages. However, plaintiff's reliance on the holding in *Papa* is misplaced for two reasons.

First, the policy language at issue in *Papa* is not present in the instant case. In *Papa*, the dispute before the court regarded the construction of the word "struck" as it was used in the insurance policy. Specifically, the policy language provided that an insured was entitled to medical benefits when his injuries occurred "through being *struck* by any automobile." The Court liberally construed[3] the policy provision, "struck by an automobile," to mean that physical contact of the body of the insured with the automobile as a prerequisite to recovery was unnecessary. In contrast, the policy language at issue in the instant case specifically provides in plain and unambiguous terms that physical contact must occur before coverage is activated under the policy.

Secondly, plaintiff, unlike the appellant in *Papa*, has neither claimed nor presented evidence that Dale Autry was attempting to avoid the imminent danger of being struck by the unknown vehicle at the time he was injured. As demonstrated by the stipulated facts, the reason Dale Autry lost control of his bicycle is, at best, nebulous. For these aforementioned reasons, *Papa* is not applicable.

■ Contrary to the plaintiff's argument, Mississippi's approach to the physical contact requirement of an uninsured motorists policy is in harmony with those states which legitimize the requirement as a shield against

---

3. Although not stated in specific terms, the Mississippi Supreme Court apparently found the "struck by an automobile" language of the insurance policy ambiguous as evidenced by the court's reference to cases regarding the construction of an insurance policy. The Mississippi Supreme Court cited: *Southern Farm Bureau Cas. Ins. Co. v. Brewer*, 507 So.2d 369, 372 (Miss. 1987) ("[S]ince the provision of the policy was capable of two meanings, the meaning and con-

struction most favorable to the insured should be applied."); *State Farm Mut. Automobile Ins. Co. v. Johnson*, 242 Miss. 38, 133 So.2d 288, 290 (1961) ("In all cases the policy must be liberally construed in favor of the insured in order to accomplish the purpose of the insurance."); *Great American Ins. Co. v. Bass*, 208 Miss. 436, 44 So.2d 532, 533 (1950) ("[T]he policy must be construed in light of its purpose and the hazards against which it was designed to protect.").

fraud. Under Mississippi law, before an insured may recover pursuant to an uninsured motorist clause for damages caused by a motor vehicle of which the owner or operator is unknown, actual physical contact must have occurred between the unknown vehicle and the insured. Miss.Code Ann. § 83–11–103(c)(v) says as much.[4] At the very least, the unknown uninsured motorist must strike an object which subsequently strikes the insured. *Southern Farm Bureau Casualty Ins. Co. v. Brewer,* 507 So.2d 369 (Miss.1987); *see also State Farm Mut. Automobile Ins. Co. v. Johnson,* 242 Miss. 38, 133 So.2d 288 (1961) (Court held that there is no practical difference between an item striking a person and the person striking the ground in order to avoid being hit by the automobile).

The dispositive case on the point is *Anderson v. State Farm Mut. Auto Ins.,* 555 So.2d 733, 734 (Miss.1990). In *Anderson,* the insured, Pierce, was driving his pickup truck in a northerly direction in Jackson County, Mississippi. An unknown driver was operating another motor vehicle ahead of Pierce in the same direction. Pierce approached the unknown vehicle and attempted to pass "when under circumstances not completely clear, he lost control of his vehicle which then left the road, rolled over, and fatally injured [himself]." *Anderson,* 555 So.2d at 733. The parties stipulated that no actual physical contact had occurred between the insured's motor vehicle and the uninsured motorist.

Confronted with an insurance policy requiring physical contact under its Uninsured Motorist Provision, the plaintiff in *Anderson* argued that since the purpose of the "actual physical contact" language was to prevent fraudulent claims, that purpose was not being served because there was an eye witness. Accordingly, concluded the plaintiff, since there was no danger of a fraudulent claim, the court should refuse to enforce the provision.

Distinguishing *Southern Farm Bureau Casualty Ins. Co. v. Brewer, supra,* the *Anderson* Court held that where an uninsured motorist "strikes an object which strikes the plaintiff," the "interpretive issue ... lay within the penumbra of doubt regard-

ing 'actual physical contact'" so that the Court could explore the boundaries of the term and determine whether the "physical contact" requirement had been met. By contrast, the *Anderson* Court viewed the facts before it in a wholly different light:

> We are faced with language requiring actual physical contact in a factual scenario where all agree there was none. *Anderson,* 555 So.2d at 734.

Recognizing that the plaintiff was issuing "a bold invitation" to "judicially amend the Mississippi Uninsured Motorist Insurance Act [§ 83–11–103(c)(v)] on grounds the amendment was demanded by public policy," the Mississippi Supreme Court rejected the invitation, stating:

> Because in today's setting the Constitution has vested that authority in the legislature, we decline the invitation. ... Where the legislature has enacted upon a subject within its competence, we may not annul or evade what it has done. ... The primary rules of legislative or other origin invariably contain a core of certainty and a penumbra of doubt and an infinite variety of shades of gray in between. When the case at hand shades toward the gray and the penumbra of doubt, principles and policies embedded in the valid legal language most certainly are valuable aids to construction. Today's case is within the core of certainty. *Anderson,* 555 So.2d at 733–34.

■ This court is *Erie*-bound to apply Mississippi law to this dispute. Nationwide's definition of uninsured motor vehicle follows that of § 83–11–103(c)(v). Additionally, the facts of the instant case are virtually indistinguishable from those in *Anderson.* As in *Anderson,* the parties here have agreed that Dale's mishap involved no physical contact. Further, the parties have stipulated that no object or physical force emanating from the unknown vehicle caused Dale's fall. The sum of these observations is clear: plaintiff has not satisfied the physical contact requirement embodied in the insurance policy, the Mississippi Uninsured Motorist Insurance Act, and the Mississippi case law. There-

---

**4.** See p. —— of this opinion for the text of § 83–11–103(c)–(v).

fore, defendant is not obligated to extend coverage for Dale's injuries and defendant's summary judgment motion is granted. This court will enter a separate judgment in accordance with the local rules.