## IN THE SUPREME COURT OF MISSISSIPPI

## NO. 1999-CA-00750-SCT

*MASSACHUSETTS BAY INSURANCE COMPANY AND ALLSTATE INDEMNITY COMPANY*

*v.*

*ROBERT JOYNER, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF EVELYN JOYNER, DECEASED*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/06/1999 |
| TRIAL JUDGE: | HON. L. BRELAND HILBURN, JR. |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | WILLIAM C. GRIFFIN |
| | H. GRAY LAIRD, III |
| | JAN GADOW |
| ATTORNEYS FOR APPELLEES: | CYNTHIA L. BREWER |
| | PAUL SNOW |
| NATURE OF THE CASE: | CIVIL - INSURANCE |
| DISPOSITION: | REVERSED AND RENDERED - 07/20/2000 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 8/10/2000 |

**EN BANC.**

**MILLS, JUSTICE, FOR THE COURT:**

## STATEMENT OF THE CASE

¶1. This uninsured motorist insurance coverage case comes on appeal from the Circuit Court of the First Judicial District of Hinds County, Mississippi, by defendants/appellants Massachusetts Bay Insurance Company and Allstate Indemnity Company (the insurers). The circuit court granted summary judgment in favor of plaintiff/appellee Robert Joyner, individually and as administrator of the estate of Evelyn Joyner, deceased (Joyner). Joyner's estate was awarded $230,000 on automobile insurance policies which provided uninsured motorist coverage. The insurers argue that the accident in question was not covered by uninsured motorist coverage. They argue that Joyner's claim was correctly denied since the vehicle that caused the accident left the scene and no physical contact took place. Joyner responds that physical contact is not required by the policies where the claimant attempted to avoid an accident and where the unknown vehicle was the proximate cause of the accident. Because we find that the trial court erred in finding that the accident in question was covered by uninsured motorist coverage, we reverse and render.

## STATEMENT OF THE FACTS

¶2. On September 19, 1996, a motor vehicle accident occurred on I-220 in Jackson, Mississippi. Evelyn Joyner was traveling southbound alongside a black sport utility vehicle (SUV). The owner of the black SUV was, and remains, unknown to all parties involved. The trial court found that Joyner's death was a result of the negligence of the unidentified driver of the black SUV, which was the contributing cause of the accident. All parties agree that the negligence of the unidentified driver was the proximate cause of Joyner's death.

¶3. The record before this Court contains a recorded statement and corroborating affidavit from an eyewitness who was following behind Joyner in the same lane. This eyewitness was also deposed by all parties. The witness testified that her own vehicle and Joyner's vehicle were traveling about 75 miles an hour, both in the inside (left) lane. She also stated that a flat bed truck was traveling much slower in the right lane, with the black SUV right behind it. She stated that the driver of the black SUV changed lanes, moving into Joyner's lane, "pushed her out of the road," causing her to go onto the median. Joyner lost control of her vehicle, flipped and was killed as a result of the accident. The flatbed stopped at the scene of the accident, but the black SUV carried on. When asked why she had earlier described the black SUV as "pushing" Joyner out of the road, the witness stated that though she believed Joyner was pushed off the road, it was "not physically though." The witness explained that from her vantage point she did not see any contact between the black SUV and Joyner's white Ford Explorer, stating "they didn't hit at all." Likewise, in depositions she stated that the Ford Explorer and the black SUV did not make contact. The police report states the accident was a "one vehicle accident." The investigating officer at the scene of the accident stated that he looked along the right side of Joyner's Explorer for evidence of contact with the other vehicle. The officer found no evidence of such contact.

¶4. At the time of the accident, Evelyn Joyner had three policies of insurance in full effect, with all premiums paid. Allstate had $30,000 of coverage. Massachusetts Bay had $200,000 of coverage. Massachusetts Bay admits that the fair market value of the claim of Evelyn Joyner, deceased, exceeds its $200,000 uninsured motorist coverage.

## STANDARD OF REVIEW

¶5. Our applicable standard of review is:

> The standard for reviewing the granting or denying of summary judgment is the same standard as is employed by the trial court under rule 56(c). This Court conducts de novo review of an order granting or denying summary judgment and looks at all the evidentiary matters before it--admissions in pleading, answers to interrogatories, depositions, affidavits, etc. The evidence must be viewed in the light most favorable to the party against whom the motion has been made. If, in this view, the moving party is entitled to a judgment as a matter of law, summary judgment should forthwith be entered in his favor. Otherwise, the motion should be denied. Issues of fact sufficient to require denial of a motion for summary judgment obviously are present where one party swears to one version of the matter in issue and another says the opposite. In addition, the burden of demonstrating that no genuine issue of fact exists is on the moving party. That is, the non-movant would be given the benefit of the doubt.

*Continental Ins. Co. v. Transamerica Rental Fin. Corp.*, 748 So.2d 725, 728 (Miss. 1999) (quoting

*Aetna Cas. & Sur. Co. v. Berry*, 669 So.2d 56, 70 (Miss. 1996).

## STATEMENT OF THE LAW

**WHETHER THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF MR. JOYNER AND IN DENYING SUMMARY JUDGMENT IN FAVOR OF MASSACHUSETTS BAY INSURANCE COMPANY AND ALLSTATE BECAUSE THE PLAIN LANGUAGE OF THE UNINSURED MOTORIST INSURANCE ACT REQUIRES "PHYSICAL CONTACT" BETWEEN AN UNIDENTIFIED UNINSURED MOTORIST AND THE INSURED'S PERSON OR PROPERTY.**

¶6. The insurers argue that pursuant to the Mississippi uninsured motorist statutes, before an insured may recover for damages, actual physical contact must have occurred between the unidentified uninsured motorist's vehicle and the insured's person or property. Joyner argues that this Court has taken a very liberal interpretation of the uninsured motorist statute in order to comply with the reason and purpose of the statute, which is to compensate victims who are injured as a result of the actions of motorists who have no insurance available to compensate them. The Mississippi uninsured motorist statute states as follows:

(c) The term "uninsured motor vehicle" shall mean:

(i) A motor vehicle as to which there is no bodily injury liability insurance; or

(ii) A motor vehicle as to which there is such insurance in existence, but the insurance company writing the same has legally denied coverage thereunder or is unable, because of being insolvent at the time of or becoming insolvent during the twelve (12) months following the accident, to make payment with respect to the legal liability of its insured; or

(iii) An insured motor vehicle, when the liability insurer of such vehicle has provided limits of bodily injury liability for its insured which are less than the limits applicable to the injured person provided under his uninsured motorist coverage; or

(iv) A motor vehicle as to which there is no bond or deposit of cash or securities in lieu of such bodily injury and property damage liability insurance or other compliance with the state financial responsibility law, or where there is such bond or deposit of cash or securities, but such bond or deposit is less than the legal liability of the injuring party; or

**(v) A motor vehicle of which the owner or operator is unknown; provided that in order for the insured to recover under the endorsement where the owner or operator of any motor vehicle which causes bodily injury to the insured is unknown, actual physical contact must have occurred between the motor vehicle owned or operated by such unknown person and the person or property of the insured.** No vehicle shall be considered uninsured that is owned by the United States government and against which a claim may be made under the Federal Tort Claims Act, as amended.

Miss. Code Ann. § 83-11-103(c) (1999) (emphasis supplied).

¶7. In addition to the above statute, the insurers rely on *Anderson v. State Farm Mut. Auto. Ins. Co.*, 555 So.2d 733, 734 (Miss. 1990). In *Anderson* the insured driver, Pierce, was driving along a road,

attempted to pass a vehicle ahead, and under circumstances not exactly clear, he lost control of his own truck which left the road and fatally injured him. The parties stipulated that there was no actual physical contact between the Pierce truck and the unknown vehicle. Relying on the language of Miss. Code Ann. § 83-11-103(c)(v), we held that actual physical contact was required. *Id.* This Court was not persuaded by the argument that the purpose of the "actual physical contact" language of the statute was to prevent fraudulent claims, stating that the case was within a core of certainty that did not require further judicial construction. "It is no answer that upon reflection the legislative enactment may be seen crude, inadequate or even foolish. Where the legislature has enacted upon a subject within its competence, we may not annul or evade what it has done." *Id.* at 734 (citations omitted).

¶8. The insurers argue that the only possible way to determine that the black SUV was uninsured is pursuant to Miss. Code Ann. § 83-11-103 (v). Because there was no "physical contact" between the black SUV and Evelyn Joyner's vehicle, they urge that the black SUV cannot be an "uninsured motor vehicle" pursuant to the statute. The insurers argue that summary judgment should therefore have been granted in their favor, not Joyner's. The insurers further argue that the applicable Massachusetts Bay and Allstate insurance policies are in accord with the statute since they have been approved by the Insurance Commissioner.

¶9. A review of the relevant portion of the Massachusetts Bay policy reveals that there is no actual mention of "physical contact." This policy restricts hit and run coverage to instances in which the unidentified car "hits" an insured, the insured vehicle or a vehicle in which an insured is riding. However, the term "hits" is unambiguous and connotes some physical contact. While we have not construed the term in this context, other jurisdictions have done so and have reached the same conclusion. *Streitweiser v. Middlesex Assurance Co.*, 593 A. 2d 498 (Conn. 1991); *Guzman v. Allstate Ins. Co.*, 802 S.W. 2d 877 (Tex. Ct. App. 1991). Therefore, we view this policy as unambiguous, and physical contact is required.

¶10. A portion of Allstate's policy states the following in regard to categories covered by uninsured motorist coverage:

> 4. a hit-and-run **motor vehicle** which causes **bodily injury** to an insured person by **physical contact** with the insured person or with a vehicle occupied by that person. The identity of the operator and the owner of the vehicle must be unknown. The accident must be reported within 24 hours to the police. **We** must be notified within 30 days. If the insured person was occupying a vehicle at the time of the accident, **we** have a right to inspect it.

(emphasis in original).

¶11. Joyner argues that because the Massachusetts Bay policy does not even mention "physical contact" and because "physical contact" is not defined in Allstate's policy, and is therefore ambiguous, the trial court was correct to rely on *Papa v. Mississippi Farm Bureau Cas. Ins. Co.*, 573 So.2d 761 (Miss. 1990) to find in his favor. Papa received serious and permanent injuries when he jumped off a bridge to avoid being hit by an uninsured motorist. The vehicle in that case did not actually strike or touch Papa. The policy language stated that an insured is entitled to medical benefits when his injuries occurred "through being struck by any automobile." *Id*. at 763. In *Papa* we found that the provision in the policy was ambiguous and capable of two meanings. We followed *State Farm Mut. Auto. Ins. Co. v. Johnson,* 242 Miss. 38, 133 So.2d 288, 290 (1961) to liberally construe the word "struck" in favor of the insured. 573 So.2d at 763.

¶12. In *Papa* the insurance policy stated that there was coverage for medical payments for injuries sustained "through being struck by any automobile." *Id*. at 763. The facts in this case are strikingly similar to those in *Papa*. Evelyn Joyner's death was proximately caused by the negligence of another automobile driver. She herself was not driving negligently, and all parties have stipulated such. There is no evidence of her being struck, and no evidence of any physical contact with the automobile that proximately caused her death. There is no suggestion of the presence of fraud. The question therefore becomes whether the insurance policies underlying *Papa* and the case at bar are sufficiently similar for this Court to apply the same rationale. We find that they are not.

¶13. Both *Anderson* and *Papa* are still good law, though at first blush they may seem at odds with one another. First, though Papa's injuries were proximately caused by the negligence of an uninsured motorist, the operator of the vehicle was not "unknown" as is required by the statute, the operator was in fact named in the opinion. Second, the insurance coverage in controversy was a medical payments provision, not an uninsured motorist provision, thus the uninsured motorist coverage statute was not even at issue in *Papa*. We find *Anderson* to be controlling and dispositive precedent under the facts of this case.

## CONCLUSION

¶14. The facts of this case are more akin to *Anderson* than to *Papa* because it is uninsured motorist coverage that is at issue, not medical payments, and uninsured motorist coverage is governed by statute. Because the language of the statute is clear and unambiguous regarding the "actual physical contact" requirement where the identity of the uninsured motorist is unknown, Miss Code Ann. § 83-11-103(v) is controlling. The result for Joyner might appear harsh, but the Legislature has spoken plainly and unambiguously on this issue. Had there been any contact whatsoever there could have been a recovery for Joyner. The facts show that in this case there was absolutely no physical contact between the vehicles. In *Anderson* we refused to go against the clear language of the statute, and we decline to do so today. Because there is absolutely no evidence of physical contact between the uninsured motorist's vehicle and Joyner's vehicle, and eye witness testimony in depositions confirmed this, there are no genuine issues of material fact remaining to be fleshed out. The trial court erred as a matter of law in entering a summary judgment in favor of Joyner. Summary judgment must instead be granted in favor of Massachusetts Bay and Allstate, denying Joyner's uninsured motorist claims. Therefore, we reverse the judgment of the Hinds County Circuit Court, and we render judgment for Massachusetts Bay and Allstate denying Joyner's claims for uninsured motorist insurance coverage.

¶15. **REVERSED AND RENDERED.**

> **PRATHER, C.J., PITTMAN AND BANKS, P.JJ., SMITH, WALLER AND COBB, JJ., CONCUR. McRAE, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY DIAZ, J.**

> **McRAE, JUSTICE, DISSENTING:**

¶16. The majority's stance that its hands are tied in this case due to a "clear and unambiguous provision" found in the Mississippi uninsured motorist statute, Miss. Code Ann. § 83-11-103(c)(1999), does not hold water. This Court has gone to great lengths in the past to promote a very liberal interpretation of the uninsured motorist statute. Numerous cases have been decided by this Court in favor of uninsured motorist coverage in order to comply with the purpose of the statute, which is to compensate injured victims as a

result of another motorist's actions who have no insurance coverage available to compensate the victim. *See Johnson ex rel. Blocket v. United States Fidelity & Guar. Ins. Co.*, 726 So.2d 167 (Miss. 1998). Not only is the result for Evelyn Joyner's estate "harsh," it is also unjust and flies in the face of this State's public policy.[1] Accordingly, I dissent.

¶17. Plaintiff's decedent, Evelyn Joyner ("Joyner), was injured and killed in a car accident on September 19, 1996, as a result of the driver of a black sport-utility vehicle which was the contributing cause of the accident. Such is admitted in the "statement of material facts as to which there are no genuine issues" as filed by Joyner and responded to by Allstate and Massachusetts Bay. This was also corroborated by the accident report prepared by the Jackson Police Department and particularly, the testimony of an eyewitness. The lower court correctly granted Joyner's motion for summary judgment, holding that the state uninsured motorist statute did not require actual contact between two vehicles.

¶18. The majority would be wise to take note of the lower court's decision in its memorandum opinion, which said, "[P]hysical contact between two vehicles could be construed to be contact and/or injury resulting from evasive action taken by an insured." See *Papa v. Mississippi Farm Bureau Cas. Ins. Co.*, 573 So.2d 761 (Miss. 1990). Such a liberal reading of the statute in favor of the insured is preferred. In fact, in a hit-and-run case applying the "contact requirement" this Court said that when there is no possibility of fraud and when the facts are stipulated to there was in fact another negligent operator who left the scene of the accident, the physical contact rule should be relaxed and/or distinguished. *Southern Farm Bureau Cas. Ins. Co. v. Brewer*, 507 So.2d 369, 372 (Miss. 1987). This Court wrote: "A policy of UM insurance should encompass a definition to provide the insured with the protection for which he contracted." Surely Joyner expected to be covered by this policy in the event she was run off the road by another vehicle, regardless of whether the cars made "contact."

¶19. Public policy and common sense have done away with physical contact requirements in most areas of law in this State. Mississippi's hit-and-run statute only requires that a driver be "involved in an accident" and requires no physical contact. *See* Miss. Code Ann. § 63-3-405 (1996). Mississippi tort law in general also does not require physical contact before liability attaches.

¶20. This Court has many times read insurance policies liberally and construed them in favor of the insured, especially when interpreting exceptions and limitations. *State Farm Mut. Auto. Ins. Co. v. Latham*, 249 So.2d 375, 378 (Miss. 1971). In *Johnson ex rel. Blocket v. United States Fidelity & Guar. Ins. Co.*, 726 So.2d 167 (Miss. 1998), Willie Johnson, a six-year old, was struck by an uninsured motorist while walking from his home towards a parked bus some 140 feet away. In order to recover under the uninsured motorist provision, Johnson had to have been "occupying" or "using" the bus. Although Johnson was some 140 feet from the bus when the accident occurred, this Court looked to past decisions and held that a very liberal interpretation of "using" a vehicle was warranted, an interpretation that even included accidents that take place outside of the vehicle itself. In granting coverage to Johnson, this Court was aware of the possibility of fraud due to a liberal construction of the UM act, but wrote that the insured must simply present proof that he or she was preparing to board an insured vehicle. *Id.*

¶21. It is unconscionable for this Court to create a void by requiring "physical contact" when all other proof shows otherwise. In cases such as this, when all proof, including eyewitness testimony, shows that an accident occurred as the result of the negligence of an unknown motorist who leaves the scene of the accident, an accident report is filed within 24 hours pursuant to Miss. Code Ann. § 83-11-105 (1999) and

§ 63-15-9 (1996), and there is no liability policy available to pay for the damages sustained by the insured who pays uninsured motorist premiums, the uninsured motorist insurance must apply, regardless of proof of physical contact.

¶22. Anytime a car runs off the road and there is no evidence that another car was involved, there should be a presumption that a one-car accident occurred. However, that presumption could be rebutted by the testimony of eyewitnesses. This would prevent fraud and at the same time prevent the injustice of prohibiting legitimate claims solely because there was no proof of physical contact. Under the majority's semantically correct, yet logically flawed construction of the UM statute, in order for an insured to "activate" the policy, he must wait until the automobile "strikes" his car before attempting to avoid immediate danger. Such a requirement would be inconsistent with this Court's view that one should mitigate its damages. *Cf. **Barkley v. Miller Transps. Inc.***, 450 So.2d 416, 420 (Miss. 1984)("It is [one's] duty. . . to take reasonably proper steps to avoid an accident or injury. . . after having knowledge of the danger.").

¶23. The physical contact requirement was enacted in hopes of preventing fraudulent claims in which one-car accidents took place. However, today this Court extends the requirement to defeat recovery in cases where fraud does not exist. Accordingly, I dissent.

**DIAZ, J., JOINS THIS OPINION.**

1. Contracts contrary to public policy are unenforceable, no matter how clear or unambiguous they may be. ***In re Koestler***, 608 So.2d 1258, 1262 (Miss. 1992); ***Hancock v. State Farm Mut. Auto. Ins. Co.***, 248 So.2d 456, 459 (Miss. 1971).